William J. DARRAS, et al., Plaintiffs,

v.

TRANS WORLD AIRLINES, INC., et al., Defendants.

No. 85 C 08267.

United States District Court, N.D. Illinois, E.D.

Sept. 30, 1985.

Philip H. Corboy, Chicago, Ill., for plaintiffs.

Conklin & Adler, Ltd., John W. Adler, James F. Murphy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Trans World Airlines, Inc. ("TWA") has just purported to remove this action from the Circuit Court of Cook County, Illinois, relying on two asserted grounds of federal jurisdiction:

1. According to TWA's petition, this action "arises under a treaty of the United States, to wit, the Warsaw Convention...." Count II of the Complaint filed by William and Violette Darras ("Darrases") does in fact rely on the Warsaw Convention.

2. TWA also asserts diversity of citizenship exists, despite the fact Darrases and TWA's co-defendant Cove Travel, Inc. ("Cove") are both Illinois citizens. TWA's theory is that "upon information and belief" Cove was joined "solely for purposes of defeating removal to federal court."

Because TWA's removal petition is insufficient on its face, this case is remanded sua sponte.

█ Even on its Count II federal-question jurisdictional predicate, TWA must still be unsuccessful in its removal effort unless it also prevails on its fraudulent-joinder proposition as to Cove. That is so because 28 U.S.C. § 1446(a) ("Section 1446(a)") requires *all* defendants to join in or consent to the removal petition, *Hardesty v. General Foods Corp.*, 608 F.Supp. 992 (N.D.Ill. 1985), with limited exceptions—one of them being a plaintiff's joinder of a defendant simply to keep the case out of the federal courts (see the extensive discussion in 1A *Moore's Federal Practice* ¶ 0.161[2] (2d ed. 1985)). And here Cove has not joined with TWA in the removal petition.

█ On that fraudulent-joinder issue, TWA must fail. Darrases were among the passengers on the TWA plane hijacked at the Athens airport and held hostage by terrorists. They have sued Cove on the theory it—their travel agent—sold the air travel ticket in conjunction with TWA. Among other things Cove, like TWA, is charged with negligence in (Complaint ¶ 8(e)):

> Failing to advise passengers that the security precautions and procedures in effect at the Athens Airport were inadequate and unsatisfactory for the safety of passengers.

This Court need not try (or even pretry) this case to determine that allegation is non-frivolous. People look to their travel agents to make plans for them—recommending (if not indeed selecting) airlines, routes, places to stop, places to stay. It is at least tenable for Darrases to urge Cove should be charged with negligence in scheduling Darrases for a flight that went through Athens. Indeed if TWA is chargeable on that theory—a matter this Court need not decide—it is hard to see why Cove might not be as well. There is thus no way Darrases can be argued to have run afoul of the principle so well stated in *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) (footnote omitted, emphasis in original):

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

Accordingly Cove cannot be deemed as a matter of law to have been joined as a co-defendant as a sham to defeat federal jurisdiction. Because Cove has not joined in the removal petition, this action has been "removed improvidently and without jurisdiction" within the meaning of 28 U.S.C. § 1447(c). This Court therefore sua sponte remands this action to the Circuit Court of Cook County. TWA is ordered to pay any

costs and disbursements that may have been incurred by reason of the removal.