**In re Vicki LOPEZ–LUKIS, Sylvester Lukis, Petitioners.**

No. 97–2286.

United States Court of Appeals, Eleventh Circuit.

March 19, 1997.

Thomas C. Green, Sidley and Austin, Bradford A. Berenson, Griffith L. Green, Washington, DC, E.J. Salcines, Tampa, FL, for appellant.

Doug Molloy, Tamra Phipps, Asst. U.S. Attys., Fort Myers, FL, for appellee.

Before BIRCH, DUBINA and CARNES, Circuit Judges.

BY THE COURT:

This matter is before us on a petition for writ of mandamus in which petitioners are seeking an order requiring the district court judge to grant their previously denied motion seeking his recusal pursuant to 28 U.S.C. § 455.

■ It is well established that mandamus is an extraordinary remedy, which is available only to correct a clear abuse of discretion or usurpation of judicial power. *E.g., In Re: Fink*, 876 F.2d 84 (11th Cir. 1989); *United States v. Fernandez–Toledo*,

737 F.2d 912, 919 (11th Cir.1984). The petitioners have the burden of showing that their right to issuance of the writ is "clear and indisputable." *Kerr v. United States District Court for the Northern District of California,* 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).

 Petitioners' motion to recuse rests primarily upon the premise that the district court judge is, along with other persons, subject to a criminal investigation now being conducted by the public integrity section of the Department of Justice. Assuming for present purposes that that is true, the petitioners have not carried their burden of demonstrating that denial of their motion to recuse constitutes a clear abuse of discretion or usurpation of judicial power. No decision binding on this Court requires the recusal of a judge in these assumed circumstances.

Moreover, on September 5, 1996, the Eleventh Circuit Judicial Council adopted a protocol concerning recusal of judicial officers in the event of arrest, indictment, or possible criminal investigation. That protocol contains standards, the most relevant of which is Standard 3, which provides as follows:

> Judicial officers who are implicated in a federal criminal process by way of arrest, or who are informed that they are the subject or target of a federal criminal investigation for a crime that is punishable by imprisonment of one year or more may continue with their criminal and civil dockets and administrative duties until the Judicial Council determines to adopt limitations that the nature of the investigation and charges justify. However, after consultation with other judges of his or her court, the implicated judge may discontinue handling civil, criminal and administrative duties that the judge concludes the nature of the investigation and charges justify.

That standard, like the protocol of which it is a part, was adopted pursuant to a report of the United States Judicial Conference urging each circuit judicial council to adopt policies on the subject.

In view of Standard 3 of the Eleventh Circuit Judicial Council's protocol, the refusal of a district court judge to recuse himself from every criminal case on his docket if he is under criminal investigation by the Department of Justice is not a clear abuse of discretion or usurpation of judicial power warranting mandamus relief. Nor is there anything about the specific facts and circumstances of this particular case which would make it so. The petitioners have not carried their burden of showing their right to issuance of a writ of mandamus.

Accordingly, the petition for writ of mandamus is DENIED.