United States Court of Appeals,

Eleventh Circuit.

No. 96-5034.

In re: BETHESDA MEMORIAL HOSPITAL, INC., Petitioner.

Sept. 26, 1997.

Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida. (No. 96-8335-CIV-JAG), Jose Gonzalez, Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Upon reconsideration, this court, *sua sponte,* VACATES its prior order in this matter and substitutes the following in its place:

We are asked to review a *sua sponte* order of the district court remanding this proceeding to state court. The central issues presented are whether this Court's review is barred by the operation of 28 U.S.C. § 1447(d) and, if not, whether the untimely remand was proper. We conclude that we may review the remand order and, because the federal removal statute, 28 U.S.C. § 1441 et seq., does not permit a district court to enter an untimely order to remand a case based on a procedural defect, we reverse and remand.

PROCEDURAL POSTURE

This case came to us as a petition for a writ of mandamus. However, the parties did not address the Supreme Court's opinion in *Quackenbush v. Allstate Ins. Co.,* --- U.S. ----, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). That case holds that a district court's order to remand a case to state court is a final judgment that can be reviewed on direct appeal. *Id.* at ----, 116 S.Ct. at 1720. A writ of mandamus is unavailable where there is another means to obtain adequate review. *See Helstoski v. Meanor,* 442 U.S. 500, 505, 99 S.Ct. 2445, 2447, 61 L.Ed.2d 30 ("The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it.")(1979) *quoting Ex parte Rowland,* 104 U.S. 604, 26 L.Ed. 861 (1881). Therefore, the correct means for the petitioner to obtain review in the case at hand is by direct appeal. *See Ariail Drug. Co., Inc. v. Recomm International Display, Ltd.,* --- F.3d

----, ----(96-6570) *2, 1997 WL 538884 (11th Cir. No. 96-6570 1997).[1]  As *Ariail Drug Co.* notes, *Quackenbush* thus overrules this circuit's cases holding that mandamus is the proper vehicle to review remand orders.  However, precedent permits us to treat the petition for the writ of mandamus as a direct appeal, and we do so here.  *See Helstoski,* 442 U.S. at 507 n. 4, 99 S.Ct. at 2449 n. 4; *Russell v. Knight,* 488 F.2d 96, 97 (5th Cir.1973);  *Clorox Company v. United States District Court for the Northern District of California,* 779 F.2d 517, 520 (9th Cir.1985).  *See also Suarez-Valdez v. Shearson Lehman/ American Express, Inc.,* 858 F.2d 648, 649 (11th Cir.1988);  *Piambino v. Bailey,* 757 F.2d 1112, 1115 n. 2 (11th Cir.1985), *cert. denied sub. nom. Hoffman v. Sylva,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986);  *Dobard v. Johnson,* 749 F.2d 1503, 1508 (11th Cir.1985);  *Fernandez-Roque v. Smith,* 671 F.2d 426, 430-31 (11th Cir.1982);  *Huckeby v. Frozen Food Exp.,* 555 F.2d 542, 549 n. 14 (5th Cir.1977);  *Kaplan v. Missouri Pacific Railroad Co.,* 629 F.2d 337 (5th Cir.1980).

BACKGROUND

On April 29, 1996 the plaintiff, Virginia Edwards, filed an employment discrimination suit against Bethesda Hospital, Anesthesia Associates and Dr. James Fraser in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County.  She alleges a violation 42 U.S.C. § 1981, a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, located at 42 U.S.C. §§ 2000e et seq. as well as a violation of 42 U.S.C. § 1981a.

As a result of the existence of the two questions of federal law raised on the face of the complaint, Bethesda filed for removal in the United States District Court for the Southern District

---

[1] Other circuits interpreting *Quackenbush* have reached the same result.  *See Gaming Corp. of America v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (allowing direct appeal, rather than petition for writ of mandamus, where district court remanded pursuant to 28 U.S.C. § 1367(c) for lack of supplemental jurisdiction); *Pennsylvania Nurses Association v. Pennsylvania State Education Association,* 90 F.3d 797, 800 (3rd Cir.1996) *cert. denied* --- U.S. ----, 117 S.Ct. 947, 136 L.Ed.2d 835 (1997) (same). *But cf. In re Excel Corporation,* 106 F.3d 1197 (5th Cir.1997) *cert. filed* 66 USLW 3085 (1997) (granting writ of mandamus to reverse district court's non-abstention based remand to state court).

of Florida on May 16, 1996. The petition for removal resulted in Case No. 96-8335-CIV and was assigned to Judge Gonzalez.

Subsequently, on May 17, 1996, defendant Fraser filed and served his own petition for removal with the United States District Court for the Southern District of Florida. That petition resulted in Case No. 96-8342-CIV and was assigned to Judge Ferguson. Fraser also filed a notice of appearance in Case No. 96-8335 CIV on May 23, 1996.

Thereafter, on May 20, 1996, defendant Anesthesia Associates, Inc., improperly filed a Notice of Adoption And Joinder In Petition For Removal in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County (where the complaint was initially filed). The notice should have been filed in the United States District Court.

On June 19, 1996, thirty-four days after removal to federal court, Judge Gonzalez *sua sponte* entered a final order remanding Case No. 96-8335 to the state court, citing the failure of all defendants to either join in Bethesda's petition for removal or manifest their consent thereto. Based on the same grounds contained in Judge Gonzalez's order, Edwards moved the Court in Case No. 96-8342 to remand the case to state court. The motion was granted by Judge Ferguson. This petition asks us to review only the propriety of the order entered by Judge Gonzalez in Case No. 96-8335.

## DISCUSSION

We first must determine if we have jurisdiction to review the district court's remand order. Under 28 U.S.C. § 1447(d), "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The broad sweep of this language was limited by the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 345-46, 96 S.Ct. 584, 590-91, 46 L.Ed.2d 542 (1976), which held that "only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)."

In turn, 28 U.S.C. § 1447(c)(1994) reads in relevant part:

A motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any

3

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c)(1994). As this circuit has interpreted this language, a remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure. *See New v. Sports and Recreation, Inc.,* 114 F.3d 1092, 1096 (11th Cir.1997) (stating that "a district court does not have to expressly state its reliance on section 1447(c) to preclude appellate review.... Rather, a district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order.") Our review is therefore barred only if the appeal addresses one of these grounds for remand. We are persuaded that the district court in this case clearly relied on grounds other than those contained in § 1447(c).

In *In re Ocean Marine Mut. Protection and Indem. Ass'n., Ltd,* 3 F.3d 353 (11th Cir.1993), this court held that § 1447(d) precluded our review of a remand order based on a *timely* motion to remand for procedural defects (i.e. a motion filed within thirty days of the notice of removal). We specifically reserved the question of whether we could review a remand order based on an *untimely* motion to remand for defects in the removal procedure. Id. at 355, n. 3. Until today, we have not ruled on this question. However, the Third, Fifth and Ninth Circuits have held that such remand orders are reviewable. *See Maniar v. F.D.I.C.,* 979 F.2d 782 (9th Cir.1992); *F.D.I.C. v. Loyd,* 955 F.2d 316 (5th Cir.1992); *Air-Shields, Inc. v. Fullam,* 891 F.2d 63 (3rd Cir.1989). We likewise conclude that because that the district court exceeded the grounds for remand contained in § 1447(c), § 1447(d) poses no bar to our review.

4

Although the remand order in this case is clearly based on a defect in the removal process,[2] the order is not within the bounds of § 1447(c) because it was issued after the expiration of the thirty-day period to remand provided in the statute. Reading §§ 1447(c) and (d) together, we conclude that an order remanding on procedural grounds either upon an untimely motion or untimely *sua sponte* order is not authorized by § 1447(c) and is thus reviewable by this court. In short, we have jurisdiction to review this remand order.

We now turn to the propriety of remanding for procedural defects after thirty days of the notice of removal. This presents an issue of first impression in this circuit. However, three other circuits have already addressed the issue and reached similar conclusions. In *FDIC v. Loyd,* 955 F.2d 316 (5th Cir.1992), the Fifth Circuit held that the thirty-day time limit for filing a motion to remand imposed by 28 U.S.C. § 1447(c) applies to the court as well as to the parties. After a thorough review of the history of § 1447(c), the court reasoned that the congressional intent of § 1447(c) was to prevent "the shuffling [of] cases between state and federal courts after the first thirty

---

[2]The district court remanded the case to state court for failure of all defendants to timely join in or consent to a petition for removal:

> Section 1446(c), Title 28 of the United States Code requires a party seeking removal to file a notice of removal listing all grounds which support the federal court's jurisdiction. The removal procedures are strictly construed because of this Court's limited removal jurisdiction ... All defendants must join in the petition for removal, or a statement explaining their absence must be included with the petition for removal ... All defendants must join the petition even if the basis for removal is a federal question ... [In this case] there is simply no explanation for [defendants] absence from the notice of removal ... [I]t is hereby ORDERED AND ADJUDGED that this cause be remanded to Circuit Court, Palm Beach County, Florida, and DISMISSED from this Court's Federal docket. It is further hereby ORDERED AND ADJUDGED that because this Court did not have jurisdiction over this cause, any and all previously filed Orders of this Court are VACATED.

> The failure to join all defendants in the petition is a defect in the removal procedure. *See Ocean Marine,* 3 F.3d at 356 (failure to comply with rules requiring all defendants to join in removal constitutes a defect in removal procedure); *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3rd Cir.1994) ("[f]ailure of all defendants to join is a "defect in the removal procedure' within the meaning of 1447(c), but is not deemed to be jurisdictional."); *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990) ("the failure to join all the defendants in a removal petition is not a jurisdictional defect"); *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 713 (7th Cir.1992).

5

days" based on purely procedural defects when each court has subject matter jurisdiction. *Loyd,* 955 F.2d at 322 (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988).) This reasoning is supported by the plain language of 28 U.S.C. § 1447(c), which states that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (1994).

We are persuaded that the reasoning in *Loyd* and adopted by the Third and Ninth Circuits is correct.[3] We find that the term "motion to remand" in § 1447(c) includes a district court's *sua sponte* remand. Assuming without deciding that a district court may remand *sua sponte* for defects in the removal process, we hold that it is bound by the thirty-day limit. The district court filed its remand order on June 19, 1996, thirty-four days after the filing of the removal petition. The court acted outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal. Accordingly, we REVERSE the district court's order and REMAND this case for proceedings consistent with this opinion.

HATCHETT, Chief Judge, dissenting:

Without the benefit of briefing or clear guidance from the Supreme Court, a majority of this panel *sua sponte* abandons a firmly rooted line of circuit authority holding that a district court's statutory-based remand order must be challenged by Petition for Writ of Mandamus. In so doing, the majority (1) contravenes the well-established rule that only the *en banc* court or the Supreme Court may reverse prior panel decisions; (2) alters the standard of review applicable in this case; and (3) compounds the error of a decision that is otherwise wrong on the merits. For these reasons, I respectfully dissent.

If the majority followed Congress's clear command in 28 U.S.C. § 1447, we might save for another day our dispute regarding circuit precedent, the proper method of appeal and the standard

---

[3]*See Air-Shields* and *Maniar,* in which the courts held that a district judge cannot *sua sponte* remand a case for procedural defects after thirty days have expired from the filing of the petition for removal. These courts reserved the question of whether the district court had the authority to *sua sponte* remand within the thirty-day period.

of review. That is because section 1447(d) provides that an "order remanding a case to the State court from which it was removed is not reviewable on *appeal or otherwise* ...." 28 U.S.C. § 1447(d)(1994) (emphasis added). In other words, where section 1447 is appropriately invoked, appellate review is unavailable through mandamus or direct appeal.

Unfortunately, the majority refuses to acknowledge that section 1447 operates to bar any form of appellate review in this case. The majority refuses to do so because it believes that the district court's remand order was not based on (1) a lack of subject matter jurisdiction, or (2) a timely motion to remand for a defect in the removal procedure. I respectfully suggest that this belief is untenable on the record before us and rooted in a flawed reading of section 1447.

With respect to subject matter jurisdiction, the majority says that "the remand order in this case is clearly based on a defect in the removal process." Majority Op. at 100. To buttress its claim, the majority cites portions of the record strung together with ellipses. *See* Majority Op. at 99-100 n. 2.

The first two substantive sentences of the district court's order read as follows: "Section 1446(a), Title 28 of the United States Code requires a party seeking removal to file a notice of removal listing all grounds *which support the federal court's jurisdiction.* The removal procedures are strictly construed because of this Court's *limited removal jurisdiction.*" (Emphasis added.) These two sentences alone raise the strong inference that the district court's concern in its remand order is ultimately jurisdictional and not procedural in nature. *Cf. Ariail Drug Co., Inc. v. Recomm Int'l Display, Ltd.,* --- F.3d ----, ----, No. 96-6570, slip op. at 3562-63 (11th Cir. Sept. 3, 1997) (indicating that removal jurisdiction is a species of subject matter jurisdiction); *see also BJT, Inc. v. Molson Breweries USA, Inc.,* 848 F.Supp. 54, 56 (E.D.N.C.1994) ("a federal court's removal jurisdiction is a form of subject matter jurisdiction"); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190,

7

1194-95 (9th Cir.1988) (removal of a case from state court to federal court pursuant to section 1441 is a question of federal subject matter jurisdiction).[1]

The district court's order follows the above-quoted sentences with a citation reference to two prior cases that this particular district court judge authored. The first case is *Senter v. Sears,*

---

[1]The *Ariail Drug* panel characterizes removal jurisdiction as a hybrid form of subject matter jurisdiction, because a lack of removal jurisdiction is considered in some contexts a procedural defect. --- F.3d at ---- n. 5, slip op. at 3563 n. 5. *Compare In re Ocean Marine Mut. Protection & Indem. Ass'n, Ltd.,* 3 F.3d 353, 356 (11th Cir.1993) ("Failure to comply with § 1446(a) and (b) constitutes a defect in removal procedure within the meaning of § 1447(c)."), *and In re Fed. Sav. & Loan Ins. Co.,* 837 F.2d 432, 434-35 (11th Cir.1988) (stating that the "authority" of the Federal Deposit Insurance Corporation to bring a case to federal court was, like a private litigant's authority, once subject to limitations of 28 U.S.C. §§ 1331 and 1441, and stating that the express consent of all defendants is a "condition precedent to removal" pursuant to 28 U.S.C. § 1441(a)).

      I am willing to accept, given our case law, that violations of 28 U.S.C. § 1446 fall in the category of procedural defects for purposes of determining reviewability under 28 U.S.C. § 1447(c). Indeed, from a purely textual point it makes perfect sense to think that section 1447(c)'s use of the phrase "defect in removal procedure" refers to the requirements of section 1446, which is entitled "procedure for removal."

      It does not follow, however, that failures to comply with the requirements of 28 U.S.C. § 1441, which is entitled "actions removable generally," are also defects in removal procedure for purposes of section 1447(c). Section 1441 is more properly viewed as a specialized subject matter jurisdiction statute for defendants, akin to 28 U.S.C. § 1331, which allows a plaintiff to bring a suit in federal court if the claims therein arise under federal law. This is so because section 1441 confers a limited statutory right on defendants to remove certain cases to federal court, provided specific preconditions are met—conditions such as consent among all defendants under section 1441(a), and diversity of citizenship under section 1441(b). Given the jurisdictional nature of section 1441, I believe Congress probably intended for removal that is defective under section 1441 to be cognizable under section 1447(c)'s provision relating to subject matter jurisdiction. *See* Charles Everingham IV, *Removal, Waiver, and the Myth of Unreviewable Remand in the Fifth Circuit,* 45 Baylor L.Rev. 723, 753 (1993) ("Based on the text of the removal statutes, the legislative history, and the Congressional policies behind removal jurisdiction, Congress probably meant for a defect in removal jurisdiction to deprive the court of subject matter jurisdiction."); *cf. In re Fed. Sav. & Loan Ins. Co.,* 837 F.2d at 435; *Emrich,* 846 F.2d at 1194 n. 2.

      Even if the view I express is wrong, the critical issue in this case remains whether the district court viewed removal jurisdiction as a form of subject matter jurisdiction when it ordered a remand. If it did, the remand order in this case is unreviewable, even if also incorrect. *See In re Decorator Indus., Inc.,* 980 F.2d 1371, 1374 (11th Cir.1992) ("We are prohibited from reviewing a remand order for lack of jurisdiction even when the district court's determination is clearly erroneous."). For the reasons discussed in the main text, I am firmly convinced that the district court viewed its remand order as a subject matter-based jurisdictional order.

8

*Roebuck & Co.,* 712 F.Supp. 179 (S.D.Fla.1989). In *Senter,* Sears & Roebuck filed a motion for reconsideration after the district court remanded a case that Sears & Roebuck had removed to federal court. Sears & Roebuck's initial petition for removal was technically defective in some respects and the district court indicated that these defects constituted "one of the reasons why this court found in its previous order that it lacked jurisdiction over this matter." 712 F.Supp. at 179. The *Senter* court went on to state:

> When a defendant moves a federal district court to grant a removal petition, the court must make an initial inquiry whether it has *subject matter jurisdiction* over the cause. *In making this determination,* the court must consider the procedural posture of the case at that time including the status of all parties and the action of the state court in disposing of the matter. For example, in this case, the defendant's act of including a third-party complaint with the notice of removal gave the appearance that there was an additional party to this suit, but it was unclear if this party had been joined in the action by the state court.
>
> In granting the petition for removal, the federal court must make this important initial decision with certainty so as not to unduly interfere with the jurisdiction of the state courts....

712 F.Supp. at 179-80 (emphasis added). The second case cited in the district court's order, *Cury v. Royal Palm Savings Ass'n,* 713 F.Supp. 388, 389 (S.D.Fla.1989), contains language to the same effect.

In essence, these cases reflect a view that the district court's ability to make a proper determination of subject matter jurisdiction is often inextricably linked to the formal contents of the removing party's petition for removal. The cited cases also appear to endorse a categorical view that a district court cannot determine subject matter jurisdiction with certainty where a petition for removal is defective. Whether these views are correct or not in every case is of no real moment for present purposes, because reviewability under section 1447 turns on the district court's intent when making a remand determination, not on the actual accuracy or wisdom of the determination. *See In re Decorator Indus., Inc.,* 980 F.2d at 1374; *In re Amoco Petroleum,* 964 F.2d at 713 ("A search for error is precisely what § 1447(d) forbids."). If the district court decided that it could not ascertain subject matter jurisdiction in this case with certainty because of a defective petition for removal, our tribunal has no authority to review or second-guess that decision. 28 U.S.C. § 1447(d) (1994).

9

If any doubt remains that the district court intended to make a jurisdictional-based remand order, the remaining paragraphs of the district court order dispel that doubt. In the paragraph immediately following the sentence regarding the "[c]ourt's limited removal jurisdiction," the district court's order states that "all defendants must join the petition [for removal] even if the basis for removal is a federal question." The district court then cites *Darras v. Trans World Airlines,* 617 F.Supp. 1068 (N.D.Ill.1985), an opinion where the district court *sua sponte* remanded a Warsaw Convention Treaty-based case to a state court because one of the defendants did not join in the removal petition, rendering the case "*removed improvidently and without jurisdiction.*" 617 F.Supp. at 1069 (emphasis added).

After then proceeding to describe several defects in the instant petition for removal—including the lack of an allegation that all the defendants even consented to removal (as required in section 1441(a))—the district court concluded its order as follows:

> Accordingly, having reviewed the amended notice of removal, the record, and being otherwise duly advised, it is hereby:

> ORDERED AND ADJUDGED that this cause be REMANDED to Circuit Court, Palm Beach County, Florida, and DISMISSED from this Court's Federal docket. It is further hereby:

> ORDERED AND ADJUDGED that *because this Court did not have jurisdiction over this cause,* any and all previously filed Orders of this Court are VACATED.

(Emphasis added.) The majority attributes no significance to this language. Instead, the majority focuses on the district court's preceding discussion of various defects in the petition for removal and confidently concludes that "the district court remanded the case to state court for the failure of all defendants to timely join in or consent to a petition for removal." *See* Majority Op. at 101 n. 3.

If the district court intended to remand this case because of the failure of all the defendants to timely join in a petition for removal, one would expect the conclusion of the district court's order to say as much. We know, however, that the district court said no such thing. Indeed, some of the words the majority uses to describe the district court's order never even appear in the order's text:

10

not in the conclusion, and not in the preceding discussion. The district court simply ends its order with the statement that "this Court did not have *jurisdiction over this cause.*" (Emphasis added.)

I would take this unambiguous statement for what it is—an unreviewable decision to remand for lack of subject matter jurisdiction. That decision may have been predicated in part on the deficient nature of the petition for removal in this case, but that fact alone does not alter the jurisdictional nature of the district court's ultimate conclusion, especially in light of the repeated references to jurisdictional concerns throughout the entire district court order.

The majority also errs in establishing a hard and fast rule that section 1447 does not bar appellate review and relief whenever a district court remands a case *sua sponte* shortly after the expiration of the thirty-day period within which the parties must file motions for remands based on procedural defects. The policy behind section 1447's thirty-day motions period, as explained in the Fifth Circuit's *Loyd* opinion, is to avoid shuttling cases between state and federal courts based on purely procedural defects when both state and federal courts have jurisdiction over the relevant claims. *FDIC v. Loyd,* 955 F.2d 316, 322 (5th Cir.1992). Section 1447's thirty-day motions period also operates to prevent the parties from engaging in forum shopping once the litigation process has commenced in earnest. *See generally* Charles Everingham IV, *Removal, Waiver, and the Myth of Unreviewable Remand in the Fifth Circuit,* 45 Baylor L.Rev. 723 (1993) (discussing, *inter alia,* policy goals Congress sought to advance in section 1447).

The rule section 1447(c) establishes is not a rigid and absolute rule. The plain language of section 1447(c) only requires the parties to *file* a motion noting a defect in the removal process within thirty days. It does not require the district court to rule on the motion within thirty days; nor does it explicitly restrict the supervisory authority and discretion of a district court to act *sua sponte* or grant equitable relief in connection with section 1447(c); nor does it unequivocally guarantee a federal forum to the parties once thirty days have elapsed. Section 1447(c) is thus not a comprehensive measure covering all contingencies, but a mechanism designed to prod the parties

to inform each other in a prompt way—before litigation commences in earnest—if any of them has an objection to litigation within the extant forum.

In this case, Edwards clearly placed Bethesda Hospital and the other petitioners on notice that she objected to the forum(s) of the litigation. She did so with motions for consolidation and extension of time, which she filed on Friday, June 13, 1996—the twenty-seventh day following Bethesda's notice of removal. At that time, the parties had not commenced any litigation on the merits of the claims at issue. The district court's ruling a week later (and only four days after the thirty-day time limit expired) thus does not appear to have upset any truly settled expectations the petitioners had of being in a particular forum—after all, the petitioners were not even all properly before the same federal judge at the time. Indeed, if the district court had granted Edwards's motion for consolidation and invoked the doctrine of equitable tolling to extend the thirty-day motions period, *cf. Roe v. O'Donohue,* 38 F.3d 298, 302 (7th Cir.1994) (assuming that the "30-day period [of section 1447(c)] is subject to equitable tolling and estoppel"), the petitioners might have quickly found themselves faced with a proper motion from Edwards to remand the case to state court on procedural and/or jurisdictional grounds. Given these facts, and the fact that shuttling—the principal evil section 1447 seeks to eliminate—will again occur here if review is permitted and relief granted, I cannot agree that the district court's decision in this case is of a type we should find cognizable for review and relief.

I believe that controlling Eleventh Circuit precedent indicates that the proper standard of review for relief in a case such as this is the standard applicable to petitions for a writ of mandamus. *See, e.g., New v. Sports & Recreation Inc.,* 114 F.3d 1092, 1094 n. 3 (11th Cir.1997) ("A writ of mandamus is the proper means by which a party may challenge a remand order."); *Loftin v. Rush,* 767 F.2d 800, 802 n. 3 (11th Cir.1985) ("The proper way to challenge a remand is by way of writ of mandamus, not appeal.").

Under this standard, an applicant for a writ of mandamus must establish a "clear abuse of discretion or [conduct amounting to an] usurpation of power" in order to establish a right to relief.

12

*In re Lopez-Lukis,* 113 F.3d 1187, 1187 (11th Cir.1997); *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 713 (7th Cir.1992).  As we recently observed in *In re Lopez-Lukis,* 113 F.3d at 1187-88, "mandamus is an extraordinary remedy ... [and] the petitioners have the burden of showing that their right to issuance of the writ is "clear and indisputable.' "  Moreover, as our colleagues in the Seventh Circuit have noted, "mandamus is not the appropriate means to resolve doubtful issues of procedure or statutory construction."  *In re Amoco Petroleum,* 964 F.2d at 713.  Since, in my view, the majority's statutory interpretation of section 1447(c)'s purview is not indisputably correct based on the plain language of that statute, it is imprudent for us to find a right of review and relief for the petitioners in this case.

The majority avoids this issue altogether, claiming that the Supreme Court overruled *Loftin* and its progeny in *Quackenbush v. Allstate Ins. Co.,* --- U.S. ----, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).  According to the majority, *Quackenbush* holds "that a district court's order to remand a case to state court is a final judgment that can be reviewed on direct appeal."  Majority Op. at 98 (citing *Quackenbush,* --- U.S. at ----, 116 S.Ct. at 1720.).  I respectfully suggest that this interpretation of *Quackenbush* overstates that opinion's holding.  The Supreme Court's opinion does not consider the question of whether all remand orders can be reviewed on direct appeal.  To the contrary, the Supreme Court's opinion determined only that an abstention-based remand order is appealable under 28 U.S.C. § 1291.  *See Quackenbush,* --- U.S. at ----, 116 S.Ct. at 1717 ("In this case, we consider whether an abstention-based remand order is appealable as a final order under 28 U.S.C. § 1291"); *see also In re United States Brass Corp.,* 110 F.3d 1261, 1267 (7th Cir.1997) (following *Quackenbush,* "[a]n order of abstention that takes the form of a dismissal or a remand, rather than merely of a stay of the proceedings before the district court is an appealable final decision").  While it is true that some circuits have allowed statutory-based remand order challenges to proceed through direct appeal in the wake of *Quackenbush,* other circuits have continued to adhere to their prior practice of reviewing statutory-based remand orders through mandamus.  *Compare Gaming Corp.*

13

*of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (direct appeal), *with In re Excel Corp.,* 106 F.3d 1197, 1200-01 (5th Cir.1997) (mandamus).

Given the well-established rule in this circuit that only the Supreme Court or the court of appeals sitting *en banc* may overrule prior panel decisions—as well as the fact that neither party briefed or raised the issue—I respectfully believe the majority oversteps its bounds when it expands *Quackenbush* beyond its abstention-based context to hold that *Loftin* and its progeny are no longer good law. *But see Ariail Drug* --- F.3d at ----, slip op. at 3562 (mandate pending) (similarly suggesting in *obiter dictum* that *Quackenbush* overrules *Loftin*). *Loftin* is precisely on point and represents well-established law, followed in this circuit as recently as this year. *See New v. Sports & Recreation, Inc.,* 114 F.3d at 1094 n. 3. *Quackenbush,* while controlling on the issue of abstention-based remand orders, has been read narrowly in at least one other circuit, and no party to this case even cites it in its brief. It is thus neither necessary nor prudent for the majority to disregard established precedent in this case to convert petitioners's writ of mandamus application into a direct appeal.

Because the majority makes an unwarranted break with controlling circuit precedent, employs an erroneous standard of review and reaches a result that appears wrong to me in every regard, I respectfully dissent.