**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JERRY DASHIELDS,
Plaintiff-Appellee,

v.

DONNA ROBERTSON; ROBERT
CALLAHAN,                                              No. 99-1124
Defendants-Appellants,

and

TRACY STAFFORD,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-98-3637-AMD)

Argued: February 29, 2000

Decided: May 10, 2000

Before WIDENER and LUTTIG, Circuit Judges, and
G. Ross ANDERSON, Jr., United States District Judge
for the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** August Randall Vehar, Assistant Counsel, INTERNA-
TIONAL CHEMICAL WORKERS UNION COUNCIL, Akron,

Ohio, for Appellants. Robert Louis Smith, Jr., SMITH & DAILEY, L.L.C., Baltimore, Maryland, for Appellee. **ON BRIEF:** Robert W. Lowrey, General Counsel, INTERNATIONAL CHEMICAL WORKERS UNION COUNCIL, Akron, Ohio; James Rosenberg, ABATO, RUBENSTEIN & ABATO, P.A., Baltimore, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal the district court's order denying in part and granting in part their motion to dismiss and granting Appellee's motion to remand. For the reasons stated below, we affirm the district court.

I.

Appellee sued three of his co-workers, including Appellants,[1] alleging that one co-worker falsely accused Appellee of threatening to "bring a gun to work and kill him" and that the co-workers ultimately communicated this accusation to the parties' common employer. Appellee contends he was subjected to severe disciplinary action, damage to his reputation and employment relationship, and damage to his health. Appellee sued in state court under the theories of defamation, false-light invasion of privacy, tortious interference with an employment relationship, and negligence.

Appellants removed the case to the United States District Court for the District of Maryland. Subsequently, Appellee filed a motion to remand, and Appellants filed a motion to dismiss.

_____

[1] One of the defendants, Tracy Stafford, is not a party to this appeal.

In his motion to remand, Appellee asserted that the case did not present a federal question, but Appellants argued that Appellee's negligence claim was actually an unfair-representation claim against his co-workers in their capacities as union officials. Appellants moved to dismiss the case on the basis of complete preemption by federal labor law.

The district court granted Appellants' motion to dismiss in part by dismissing the negligence claim without prejudice. Although the court agreed with Appellee that Appellants were not sued in their capacities as union officials, the court found federal question jurisdiction on the basis that if Appellants had any duty toward Appellee, that duty arose from the union's constitution or bylaws, "with federal labor law as an important interpretive backdrop." The court dismissed the negligence claim on the basis that Appellee failed to exhaust internal union remedies. The court then remanded the remaining state law claims.

Appellants appeal the district court's denial in part and granting in part of their motion to dismiss and its remanding of Appellee's remaining claims to state court. Appellee does not appeal the district court's dismissal of his negligence claim.

II.

We first address the issue of our jurisdiction to review the district court's order. The order is reviewable as a final judgment because it terminated all proceedings in federal court. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 715 (1996) (stating that although remand orders "do not meet the traditional definition of finality," they can function as final orders); see also In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1408 (11th Cir. 1997) ("[Quackenbush] holds that a district court's order to remand a case to state court is a final judgment that can be reviewed on direct appeal."). Furthermore, 28 U.S.C. § 1447(d) imposes no bar to review in this case, as the district court did not remand on the basis of either of the two grounds listed in 28 U.S.C. § 1447(c). See Quackenbush, 517 U.S. at 711-12 (citing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976)); In re CSX Transp., Inc., 151 F.3d 164, 166-67 (4th Cir. 1998); see also Jamison v. Wiley, 14 F.3d 222, 232 (4th Cir. 1994) ("[W]e have never applied § 1447(d) when the district court has failed

3

to specifically mention either § 1447(c) or its magic words, absent some clear indication in the record that the district court nonetheless intended--rightly or wrongly--to remand on one of the grounds listed therein."). As the district court's remand order terminated all proceedings in federal court, we can also review the court's denial in part and granting in part of Appellants' motion to dismiss. See generally 15A Charles Alan Wright et al., Federal Practice and Procedure § 3905.1 (2d ed. 1992).

III.

Appellants argue that the district court should have dismissed Appellee's claims with prejudice. Appellants argue that Appellee's negligence claim raises a matter of federal law pursuant to section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, or is actually a fair-representation claim against the employees' union. On these grounds, Appellants argue that Appellee's negligence claim is completely preempted by federal labor law and that Appellee's other claims are at least partially, if not completely, preempted by federal labor law, thereby requiring dismissal of all Appellee's claims with prejudice.

We reject Appellants' attempt to recharacterize Appellee's negligence claim by ingeniously classifying it as a fair-representation claim against the union. The district court correctly determined that Appellee did not sue Appellants in their capacities as union officials, and Appellee did not sue the union itself. Therefore, none of Appellee's claims are preempted on that basis. Furthermore, none of Appellee's claims fall within the preemptive scope of section 301 of the LMRA.

Under section 301 of the LMRA, "the question in preemption analysis is . . . whether resolution of the cause of action requires interpretation of a collective bargaining agreement." McCormick v. AT&T Techs., Inc., 934 F.2d 531, 535 (4th Cir. 1991). With regard to state tort claims, we have stated:

> State tort claims are preempted where reference to a collective bargaining agreement is necessary to determine whether a "duty of care" exists or to define "the nature and scope of

> that duty, that is, whether, and to what extent, the[employ-
> er's] duty extended to the particular responsibilities alleged
> by [the employee] in h[is] complaint."

Id. at 536 (alteration in original) (quoting IBEW, AFL-CIO v. Hechler, 481 U.S. 851, 862 (1987)). Because Appellee did not sue his employer, none of his claims require interpretation of or reference to a collective bargaining agreement.**2** Consequently, no basis exists for preemption by section 301 under the reasoning of McCormick.**3**

_____

**2** The district court's determination that Appellee's negligence claim would require reference to the union's constitution or bylaws in order to establish the existence of any duty allegedly breached is inapposite to the question of preemption under section 301. The constitution and bylaws in question merely constitute a contract between a local union and its members, and a suit predicated on such a contract, let alone a tort claim that merely requires reference to such a contract, does not fall within the preemptive scope of section 301. See Korzen v. Local Union 705, Int'l Bhd. of Teamsters, 75 F.3d 285, 288 (7th Cir. 1996) (explaining that the basis for holding that international union constitutions are contracts under section 301 is absent regarding local union constitutions, which are merely contracts between unions and their members and, hence, not within the scope of section 301).

**3** The present case is distinguishable from our unpublished opinion in Shiflett v. I.T.O. Corp., No. 99-1379, 2000 WL 14214 (4th Cir. Jan. 10, 2000), upon which Appellants relied at oral argument. The plaintiff in Shiflett, as in McCormick, sued his employer as well as his supervisor. As we noted in Shiflett, each of the plaintiff's claims included an element of wrongness implicating the employer's conduct, thereby necessitating examination of the collective bargaining agreement. 2000 WL 14214, at **4. With regard to the plaintiff's supervisor, we noted that the claims against the supervisor were identical to the claims against the employer, and each arose from a common set of facts under which the employer's and the supervisor's conduct intertwined. We stated:"Because [the plain-tiff's] state law claims against [the employer] and [the supervisor] are identical, we believe that resolution of [the plaintiff's] state law claims against [the supervisor], like his state law claims against [the employer], require interpretation of the [collective bargaining agreement]." Id. at **7. Here, because Appellee did not sue his employer, the employer's conduct is not implicated in any way. As a matter of clarification, Shiflett merely demonstrates that although section 301 can preempt claims against non-signatories to a collective bargaining agreement, see International Union, UMW v. Covenant Coal Corp., 977 F.2d 895 (4th Cir. 1992), the critical question for such preemption remains whether resolution of the claim requires interpretation of or reference to a collective bargaining agreement.

In sum, we find that Appellee's claims are not preempted by federal labor law and that the district court properly refused to dismiss Appellee's claims with prejudice.**4**

IV.

Appellants contend that the district court's remanding of Appellee's claims of defamation, false-light invasion of privacy, and tortious interference with an employment relationship was improper. Appellants argue that the district court should have weighed potential preemption by federal labor law or other federal law and considered the possible existence of federal questions before remanding the claims. For example, Appellants point to Appellee's supposed need to satisfy the standard of "actual malice" under federal defamation law in his state law claims. Appellants argue that Linn v. United Plant Guard Workers, Local 114, 383 U.S. 53 (1966), applies in this regard.

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); see 28 U.S.C. § 1367(c)(3). In fact, such discretion even extends to cases in which state law merely predominates. See 28 U.S.C. §§ 1367(c)(2), 1441(c). Furthermore,"when a district court may relinquish jurisdiction over a removed case involving [supplemental] claims, the court has discretion to remand the case to state court." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). In exercising such discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110 (citing Carnegie-Mellon, 484 U.S. at 350 n.7).

As to Appellants' argument that the district court should have weighed potential preemption by federal law and considered the possible existence of federal questions before remanding Appellee's remaining claims, we have already discussed why Appellee's claims

_____

**4** Because Appellee has not appealed the dismissal of his negligence claim without prejudice for failing to exhaust internal union remedies, we need not consider the propriety of that dismissal.

6

are not preempted, either partially or completely, by federal labor law. In addition, we find no preemption by other federal laws, and no federal questions exist that would render the district court's remanding of Appellee's remaining claims improper. In particular, Linn is simply inapplicable. As the Court stated in Old Dominion Branch No. 496 v. Austin, 418 U.S. 264, 279 (1974):

> [A]pplication of Linn must turn on whether the defamatory publication is made in a context where the policies of the federal labor laws leading to protection for freedom of speech are significantly implicated. . . . Accordingly, we think that any publication made during the course of union organizing efforts, which is arguably relevant to that organizational activity, is entitled to the protection of Linn.

This case implicates no such policies (or any other federal policies for that matter). Rather, we agree with the district court that Appellee's claims of defamation, false-light invasion of privacy, and tortious interference with an employment relationship "are, in form and substance, garden variety state tort claims." The mere fact that Appellee and Appellants belong to the same union is irrelevant.

As to the Shanaghan/Carnegie-Mellon factors, we find that the district court did not abuse its discretion in remanding Appellee's remaining claims. The court expressly based it decision on the same rationale it applied in Andrews v. Anne Arundel County, 931 F. Supp. 1255 (D. Md. 1996), in which the court specifically considered the Shanaghan/Carnegie-Mellon factors. We find, as the district court found, that those factors apply here equally.

In sum, the district court's remanding of Appellee's remaining claims was proper and well within the wide latitude of discretion afforded trial courts under 28 U.S.C. § 1367(c) and § 1441(c).

V.

For the reasons stated above, the district court properly refused to dismiss any of Appellee's claims with prejudice on the basis of preemption by federal labor law. Furthermore, the court did not abuse its

7

discretion in remanding Appellee's remaining claims. We therefore affirm the district court's order.

AFFIRMED