[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12971
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-00494-JSM-AAS

CHRISTINA PAYLAN, Dr.,

Plaintiff-Appellant,

versus

DARRELL DIRKS,
in his individual capacity,
CHRISTINE BROWN,
in her individual capacity, et al.,

Defendants-Appellees.

_____

No. 19-10859
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01366-CEH-AEP

CHRISTINA PAYLAN, M.D.,

                                                    Plaintiff-Appellant,

                                versus

PAMELA BONDI, individual capacity,
MARK OBER, individual capacity, et al.,

                                                    Defendants-Appellees.

                    _____

              Appeals from the United States District Court
                   for the Middle District of Florida
                    _____

                       (February 17, 2021)

Before WILLIAM PRYOR, Chief Judge, LAGOA and ANDERSON, Circuit
Judges.

PER CURIAM:

     In this consolidated appeal, Christina Paylan appeals *pro se* the partial

dismissal of and partial summary judgment against her two complaints that state

officials and her fiancee's family violated federal and state law in the events that

led to her state convictions for prescription fraud and fraudulent use of personal

information. Paylan filed in the district court a complaint against the City of

Tampa, Assistant State Attorneys Darrell Dirks and Christine Brown, Deputy

Comaneci Devage of the Hillsborough County Sheriff's Office, and eight other

officials. 42 U.S.C. § 1983. The district court dismissed the claims against every

                                 2

official—except for two against Devage—for failure to state a plausible claim for relief, *see* Fed. R. Civ. P. 12(b)(6), and later entered summary judgment in Devage's favor based on qualified immunity. Paylan also filed in state court a similar complaint against Dirks, Brown, and other officials, which they removed to the district court. *See* 28 U.S.C. §§ 1331, 1343. The district court later dismissed as untimely her federal claims against every official except state prosecutors Dirks and Brown, dismissed the claims against the prosecutors as barred by res judicata, and declined to exercise jurisdiction over her state-law claims. Paylan challenges the disposition of her two complaints, the denial of her motions to recuse the judge in the action she commenced in the district court, and the removal of her action against Dirks and Brown. We affirm.

Paylan's two complaints shared a common theme that her wealthy fiancee's family, the Abdos, blamed her for his waning generosity and retaliated by fabricating evidence against her for illegally dispensing and abusing narcotics. Paylan alleged that, while she practiced medicine, the Abdo family falsely reported to state officials that she had acquired large amounts of Demerol and administered it to her fiancee and fabricated evidence that Tampa police officers used to obtain warrants to arrest her and to search her home in June 2011 and to rearrest her in July 2011. Paylan also alleged that officers lacked probable cause to arrest her and to search her home and violated her right to use a toilet in private while executing

3

the warrant to search her home and that prosecutors acted unlawfully by aiding officers to secure warrants and to collect evidence, by coercing witnesses, by sullying her reputation with her patients and pharmacists, and by pursuing bogus charges against her.

Paylan's federal complaint alleged that Devage, Sheriff David Gee, four Tampa police officers, the Chief of Police, the City of Tampa, State Attorneys Dirks and Brown, their supervisor, and Florida Attorney General Pamela Bondi violated Paylan's civil rights in the events that led to her convictions. *See* 42 U.S.C. § 1983. After the district court identified deficiencies in her pleading and granted her leave to amend, Paylan filed a second amended complaint containing 16 counts for relief. In counts one through eight and count fourteen, Paylan complained that the defendants had violated her federal civil rights and state law in the search of her home, her arrests, and her prosecution. *See* 42 U.S.C. § 1983. In counts nine through twelve, thirteen, fifteen, and sixteen, Paylan alleged municipal liability, supervisory liability, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)–(d), and a state racketeering law, Fla. Stat. § 772.103(3)–(4), and torts under state law.

The district court did not err in determining that counts one through twelve and fourteen through sixteen failed to state a claim for relief from which the district court could draw a plausible inference that the defendants deprived her of

rights protected by the Constitution and state law in connection with her two arrests and the search of her home. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A three-page criminal report affidavit, which Paylan incorporated by reference in her complaint, *see SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010), provided probable cause to issue a warrant to arrest her for prescription fraud in July 2011. And the warrants to arrest Paylan and to search her home in June 2011 were likewise supported by an affidavit that she attached to her complaint. *See* Fed. R. Civ. P. 10(c). That affidavit stated that the Abdo family had evidence that Abdo and Paylan were abusing Demerol; that Abdo's son had observed evidence of illicit drug use inside Paylan's home; that the affiant heard Paylan's assistant state during a telephone call that Abdo's and Paylan's skin looked yellow and that he had seen her order, take large quantities from her clinic, and write false prescriptions in the name of her patient L.B. for Demerol; and that different officers on three separate occasions discovered in Paylan's trash empty vials of and prescriptions written to L.B. for Demerol and supplies for its injection. The affidavit established a fair probability that Paylan had unlawfully obtained and administered Demerol and that her home contained evidence of those crimes. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Paylan's challenges to the affidavit supporting the search and arrest warrants in June 2011 fail. Paylan argues that the affidavit included false statements from

other witnesses, but Paylan never alleged that the warrant affiant included any facts he knew were false. *See Franks v. Delaware*, 438 U.S. at 154, 171–72 (1978). Nor do Paylan's arguments about the affidavit negate the probable cause established by the evidence that officers discovered in her trash during their investigation. *See United States v. Novaton*, 271 F.3d 968, 986–87 (11th Cir. 2001). Paylan complains that the warrant affiant should have conducted a more thorough investigation, but an officer's investigation must only establish a fair probability that the subject of a warrant has committed a crime and that incriminating evidence would be discovered in the location sought to be searched. *See United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002).

The district court correctly dismissed all the officials in Paylan's second amended complaint except Devage. In counts one and four, Paylan failed to state a plausible claim that Tampa officers and prosecutors Dirks and Brown fabricated evidence to arrest her because the warrant affidavits were valid and provided probable cause to search her home. *See Iqbal*, 556 U.S. at 678. The existence of probable cause also defeated her claims of malicious prosecution against Tampa officers, Dirks, Brown, and State Attorney Mark Ober, *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019), and retaliation for her exercising her right to protest her arrests and prosecution, *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019). Because officers executed valid arrest and search warrants,

Paylan failed to state plausible claims against Tampa officers, Dirks, and Brown for false arrests, *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *Bolanos v. Metr. Dade. Cnty.*, 677 So. 2d 1005, 1005 (Fla. Dist. Ct. App. 1996), unlawful search, *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989), conspiring to falsely arrest and prosecute her, *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010), or racketeering by fabricating evidence to make false arrests, *see Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263–64 (11th Cir. 2004). And because Paylan failed to state valid claims against the officers and prosecutors, her claims of municipal liability, *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981), and supervisory liability, *Paez*, 915 F.3d at 1291, failed too. Paylan also failed to state plausible claims against all officials except Devage for intentional infliction of emotional distress based on the two arrests and ensuing prosecution, *see Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 1305 (Fla. Dist. Ct. App. 2018), or that Tampa officers and State Attorneys Ober, Dirks, and Brown committed an abuse of process by arresting Paylan, seizing incriminating evidence from her home, and prosecuting her for her offenses, *S & I Investments v. Payless Flea Mkt., Inc.*, 36 So. 3d 909, 917 (Fla. Dist. Ct. App. 2010).

The district court did not abuse its discretion by denying Paylan a third opportunity to amend before dismissing all her claims against every official except Devage. A plaintiff should be given an opportunity to amend when "a more

7

carefully drafted complaint" might state a claim, but the district court need not accept an amendment when "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed," if "allowing amendment would cause undue prejudice to the opposing party," or if "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court dismissed Paylan's amended complaint for failure to allege facts that plausibly undermined "the validity of the probable cause for the search of her residence . . . [and] her two arrests." Paylan failed to cure those deficiencies in her second amended complaint despite receiving two extensions before filing the pleading. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Nor did she remedy the defect in her proposed third amendment; instead, she sought to add defendants and facts related to the timeliness of her criminal proceedings.

The district court also did not err by granting summary judgment based on qualified immunity in favor of Devage and against Paylan's complaint that the deputy invaded her privacy. Paylan alleged that Devage, a female officer, infringed her right to bodily privacy in violation of the prohibition against an unreasonable search and seizure by requiring her to use the bathroom while leaving the door ajar. *See Los Angeles Cty. v. Rettele*, 550 U.S. 609, 615 (2007); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996); *Fortner v. Thomas*, 983 F.2d 1024, 1026 (11th

8

Cir. 1993). But Devage's open-door requirement was reasonably limited in scope and in duration. *See Rettele*, 550 U.S. at 615; *Fortner*, 983 F.2d at 1030. Paylan was an arrestee with a diminished expectation of privacy while officers searched her home. *See Riley v. Cal.*, 573 U.S. 373, 391–92 (2014). Devage's open-door requirement served the legitimate purposes of preventing Paylan from interfering with the ongoing search and from harming herself. Although officers of the opposite sex were in adjacent rooms, Paylan offered no evidence that any male officer observed her using the bathroom. Paylan alleged that Devage belittled her, but "verbal taunts. . . . however distressing . . . [without more do not] deprive[] [an arrestee] of [her] constitutional rights," *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989). Even if Devage acted with "evil intentions[, that would] . . . not make a Fourth Amendment violation out of [her] objectively reasonable [action] . . . ." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

Although we construe *pro se* briefs liberally, a *pro se* litigant who makes no substantive argument on an issue abandons it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Paylan does not dispute that Devage's open-door requirement and her statements to other officers disparaging Paylan's appearance and candor do not qualify as sufficiently outrageous to inflict severe emotional distress. And she does not dispute that Devage engaged in no misconduct for which Sheriff Gee could be held liable as a supervisor.

9

The district judge, Charlene Honeywell, also did not abuse her discretion by denying Paylan's motions to disqualify her. Paylan argued that Judge Honeywell's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and that she harbored "a personal bias or prejudice," *id.* § 455(b)(1), because her *former* husband, Gerald Honeywell, had served earlier as an officer in the Tampa police department. But Paylan offered no evidence that Mr. Honeywell participated in or had personal knowledge about Paylan's criminal investigation. And the judge's adverse rulings were "insufficient to form a basis for recusal." *United States v. Berger*, 375 F.3d 1223, 1228 (11th Cir. 2004). Paylan proved no interest or bias against her that required Judge Honeywell to recuse.

The district court also did not err by denying Paylan's motion to remand the action she commenced in state court. When a defendant removes a civil action based on federal-question jurisdiction, 28 U.S.C. § 1441(a), all defendants properly joined and served must join or consent to the removal. *Id.* § 1446(b)(2)(A). Any defendant who fails to file a notice of removal within 30 days of service of process may consent to a timely removal by a later-served defendant. *Id.* § 1446(b)(2)(B) & (C); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008). After Paylan filed a third amended complaint that alleged the Abdo family, Dirks, Brown, three Tampa officers, two deputies in the Sheriff's Office, and Gerald Honeywell had deprived her of rights protected by federal and state law, an

officer served last with process timely removed her action based on federal-question jurisdiction. The district court, as it was permitted to do, *sua sponte* inquired whether all the defendants agreed to removal, *see In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410–11 (11th Cir. 1997), and they did so, which cured any procedural defect, *see* 28 U.S.C. § 1446(b)(2)(C). Although Gerald did not respond, because he had not been served with process, his consent was not required. *See Bailey*, 536 F.3d at 1209.

After removal, the district court correctly dismissed as untimely the federal claims against every defendant except prosecutors Dirks and Brown. Paylan's claims that officials deprived her of rights in violation of federal law in connection with her arrest and prosecution were subject to the four-year statute of limitation in Florida applicable to actions for personal injuries. *See McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020). Her claims accrued when "the facts which would support a cause of action [were] . . . or should [have] be[en] apparent to" Paylan, *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)—at the latest, July 1, 2011, when officers arrested Paylan a second time. The four-year deadline expired by July 1, 2015, more than two years before Paylan filed an amended complaint in January 2018 that added the Abdo family, Tampa officers, and Honeywell as defendants and before she filed a third amended complaint in March

11

2018 that added the Sheriff's deputies as parties. The limitation period commenced regardless of Paylan's failure to serve process on Honeywell.

Paylan argues for equitable tolling, but she failed to act diligently. *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc). She commenced an action in federal court concerning the same incidents against prosecutors Dirks and Brown and Tampa officers several months before the four-year deadline expired. And Paylan waited too long to sue the Abdo family and the Sheriff's deputies for unlawful acts they allegedly committed in 2013. *See McGroarty*, 977 F.3d at 1307.

The district court also did not err by dismissing Paylan's federal law claims against prosecutors Dirks and Brown in the removed action. We need not consider whether the claims are barred by res judicata because we can affirm on the alternative ground identified by the district court. Paylan failed to state a plausible claim for relief against Dirks or Brown based on fabricated evidence because the warrant affidavits were valid and provided probable cause to obtain the warrants to search her home and to arrest her twice. *See Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b). And the existence of probable cause defeated Paylan's complaint of a retaliatory prosecution by Dirks and Brown. *See DeMartini*, 942 F.3d at 1289.

The district court also did not abuse its discretion when it denied Paylan's motion to amend the complaint in the removed action. Paylan amended her

12

complaint several times in the state court. After removal of the action, the officials moved to dismiss Paylan's complaint for failure to state a claim and identified deficiencies in her pleading. Paylan obtained leave to amend, but instead of curing the deficiencies, she simply added defendants to her complaint. The district court reasonably determined that it would be futile to give Paylan another opportunity to amend. *See Campbell*, 760 F.3d at 1168–69.

**AFFIRMED.**