[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-15255
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00183-CV-ORL-28-KRS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

PATRICK KIRKLAND,

Defendant-Appellant,

JUDITH M. MERCIER,

Receiver-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 8, 2008)

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Patrick Kirkland appeals a finding of contempt and remedial sanction that followed his alleged violation of an asset freeze, which was entered after the Securities and Exchange Commission filed a complaint against Kirkland. Because we lack jurisdiction over the order of civil contempt entered by the district court, we dismiss this appeal.

In 2006, the Commission filed a complaint against Kirkland and three companies controlled by him. The complaint alleged that Kirkland had fraudulently enticed investors to buy unregistered securities in real-estate developments. The complaint requested a restraining order, a freeze of assets, the appointment of a receiver, disgorgement, and civil penalties. The district court entered a freeze of assets and appointed a receiver.

In 2007, the Commission and the Receiver filed a joint motion for an order to show cause why Kirkland should not be held in contempt for violating the asset freeze. The motion alleged that Kirkland had cashed two checks issued by his bank in knowing violation of the asset freeze. The total of the two checks was $3,957.73.

The district court later entered an order that found Kirkland in civil contempt. It found that Kirkland had "willfully violated the asset freeze by

2

contacting Ohio Savings Bank, instructing the Bank to stop payment on two checks and mail replacement checks directly to him, and cashing the checks." The court imposed a "remedial sanction" that required Kirkland to repay the total of the two checks in two equal installments by December 26, 2007. Kirkland then filed this appeal.

Appellate jurisdiction ordinarily is limited to "final decisions." 28 U.S.C. § 1291. A finding of civil contempt against a party to an ongoing proceeding is interlocutory and not appealable until a final decree is issued, subject to several exceptions. Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1515 (11th Cir. 1990). An order that imposes a fine or penalty for contempt that must be obeyed within a certain period and may not be avoided by some other form of compliance is immediately appealable, but an order of contempt that imposes a fine or penalty that the party in contempt can avoid by complying with the earlier order is interlocutory and not appealable. Combs v. Ryan's Coal Co., 785 F.2d 970, 976 (11th Cir. 1986). Where the district court is engaged in an "on-going intervention," as evidenced by a contempt order that is "subject to modification or appeal," the effect of intervention by an appellate court would be "to tie the hands of the district court, diminish compliance with its orders, and augment [the appellate court's] own workload." Id. at 977. "The imposition of sanctions . . . is

3

a prerequisite for appellate review of a contempt order." Don's Porta Signs, Inc. v. City of Clearwater, 829 F.2d 1051, 1053 n.7 (11th Cir. 1987).

The order of civil contempt entered by the district court is interlocutory and not appealable. The remedial sanction is intended to allow Kirkland to purge himself of his contemptuous conduct and comply with the asset freeze. "Appellate review . . . would be disruptive of what [is] obviously a continuing effort on the part of the district court to prod [Kirkland] into compliance." Combs, 785 F. 2d at 976. It is not a sanction that is immediately appealable.

One of our sister circuits has reached the same conclusion in this circumstance. In Securities & Exchange Commission v. Hickey, 322 F.3d 1123, 1127–28 (9th Cir. 2003), the Ninth Circuit concluded that an order to repay money taken in violation of an asset freeze was not a sanction but instead allowed a defendant the "opportunity to purge himself" of his contempt by paying the money owed within a certain period. Id. The Hickey court dismissed the appeal of the remedial order because it was interlocutory and not immediately appealable. Id.

We dismiss Kirkland's appeal for lack of jurisdiction.

**DISMISSED.**

4