[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15208

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00049-CV-HLM-4

NORMAN CARPENTER,

Plaintiff-Appellee,

versus

MOHAWK INDUSTRIES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

_____

No. 07-15691

_____

IN RE:

MOHAWK INDUSTRIES, INC.,

Petitioner.

_____

On Petition for Writ of Mandamus to the United States
District Court for the Northern District of Georgia

_____

Before CARNES and MARCUS, Circuit Judges, and BUCKLEW,* District Judge.

PER CURIAM:

Before the Court are the following: (1) Appellant's appeal of a district court's order granting Appellee's motion to compel responses and produce documents Appellant contends are protected by the attorney-client privilege; (2) Appellant's companion petition for writ of mandamus seeking to compel the district court judge to vacate the order as it relates to the motion to compel; and (3) Appellee's motion to dismiss the appeal for lack of jurisdiction. After review and

---

*Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

oral argument, we conclude that this Court should decline to extend the "collateral order" doctrine established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), to the exercise of this Court's jurisdiction over an interlocutory appeal of a discovery order implicating the attorney-client privilege. Additionally, with respect to Appellant's companion petition for writ of mandamus, we conclude that Appellant has not shown that its "right to issuance of the writ is 'clear and indisputable.'" In re Lopez-Lukis, 113 F.3d 1187, 1188 (11th Cir. 1997)(citing Kerr v. U.S. Dist. Court for the Northern Dist. of California, 426 U.S. 394, 403 (1976)). Accordingly, we dismiss Appellant's appeal for lack of jurisdiction and deny Appellant's petition for writ of mandamus.

## I.    Background

Plaintiff/Appellee Norman Carpenter ("Appellee") initiated this action on March 15, 2007 in the United States District Court for the Northern District of Georgia against Defendant/Appellant Mohawk Industries, Inc. ("Mohawk" or "Appellant"), and also against various employees of Mohawk Industries, Inc., alleging that he was terminated in violation of 42 U.S.C. § 1985(2) and various Georgia laws. Specifically, Appellee contends in his complaint that he reported to

Mohawk's human resources department that several temporary employees, hired by Mohawk through a temporary employment agency, were illegal aliens. After making his report, Appellee was required to meet with attorney Juan P. Morillo, who represents Mohawk in a separate lawsuit, Williams v. Mohawk Industries, Inc., Civil Action File No. 4:04-cv-0003-HLM.[1]

Appellee alleges that the meeting between him and attorney Juan P. Morillo was designed to coerce him into recanting his report, which Appellant knew would be damaging to its defense in the Williams action. Appellee refused to recant his report, and he was terminated the day after the meeting. Appellant's stated reason for terminating Appellee was because it had discovered that Appellee was committing immigration crimes by harboring illegal aliens.

After learning about Appellee's complaint, the plaintiffs in the Williams action filed an emergency motion for an evidentiary hearing, to which Mohawk's counsel in the Williams action filed a response. The response stated, in relevant part:

> Plaintiffs admit that the only basis for their Motion are the allegations in the complaint filed two weeks ago in *Carpenter v. Mohawk Industries*. Plaintiffs have never spoken to Mr. Carpenter, and they have not produced

---

[1] In the Williams lawsuit, a group of current and former Mohawk employees filed a class action lawsuit against Mohawk in the District Court for the Northern District of Georgia, alleging that Mohawk conspired to place illegal aliens to work, in violation of federal and state RICO laws.

any other evidence corroborating his allegations. Nor could they. As his own statements demonstrate, Mr. Carpenter's wild allegations that he was fired because of some conspiracy to influence his testimony are pure fantasy. The true facts are these. On June 1, 2006, Mohawk hired Mr. Carpenter as a Shift Supervisor at Mohawk's Union Grove manufacturing facility. Mr. Carpenter was hired as a salaried employee, and his responsibilities included the supervision of hourly Mohawk employees. Shortly after he arrived at Mohawk, Mr. Carpenter engaged in blatant and illegal misconduct . . . . Mr. Carpenter's attempt to have Mohawk send a worker that Mr. Carpenter believed to be unauthorized to a temporary agency was a clear violation of Mohawk's Code of Ethics and an attempt to circumvent federal immigration law.

. . .

After receiving Ms. Hale's complaint, Mohawk responded in an entirely appropriate manner. It commenced an immediate investigation of Mr. Carpenter's efforts to cause Mohawk to circumvent federal immigration law and his claim that other temporary workers at the Union Grove Road facility were not authorized to work in the United States. As part of that investigation, Mohawk's outside counsel Juan P. Morillo interviewed Mr. Carpenter.

As a result of Mr. Carpenter's misconduct, Mohawk fired Mr. Carpenter and did not give him any severance package. His attempt to knowingly cause Mohawk to obtain and utilize an unauthorized worker blatantly violated Mohawk policy.[2]

After engaging in some initial discovery exchanges in the instant case, Appellee filed a motion to compel responses to both his interrogatories and document requests, seeking information Appellant contended was protected by the

---

[2] Williams v. Mohawk Indus., Inc., Civil Action File No. 4:04-cv-0003-HLM, Docket Entry No. 94, at 4-5 (citations omitted).

attorney-client privilege. Specifically, Appellee sought information related to his communications with Attorney Juan P. Morillo and information related to Appellant's decision to terminate Appellee. The district court found that the communications at issue were protected by the attorney-client privilege, but it went on to conclude that Appellant had implicitly waived the attorney-client privilege due to the response Appellant filed in the <u>Williams</u> action. The district court stated that:

> By making those representations, Defendant Mohawk placed the actions of Attorney Morillo in issue. In fairness, evaluation of those representations will require an examination of otherwise-protected communications between Attorney Morillo and Plaintiff and between Attorney Morillo and Defendant Mohawk's personnel. Consequently, the Court must conclude that Defendant Mohawk has waived the attorney-client privilege with respect to the communications relating to the interview of Plaintiff and the decision to terminate Plaintiff's employment.

The district court then ordered Appellant to respond to Appellee's interrogatories and document production requests, but it stayed that portion of its order if Appellant chose to appeal.

Appellant, believing that it had not waived the attorney-client privilege and not wanting to turn over the information at issue, challenges the district court's order in this appeal. Appellee has moved to dismiss the appeal on the basis that this Court lacks jurisdiction to consider the appeal of a non-final discovery order.

6

Appellant has also filed a petition for a writ of mandamus, seeking to compel the district court judge to vacate the order as it relates to Appellee's motion to compel. We consolidated the appeal, motion to dismiss, and petition for a writ of mandamus and will, therefore, consider them together.

## II. Motion to Dismiss - Jurisdiction

As an initial matter, we must address this Court's jurisdiction to review Appellant's claims by way of interlocutory appeal. Generally, discovery orders are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." McMahon v. Presidential Airways, Inc., 502 F.3d 1331, 1338 (11th Cir. 2007)(quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994)). Therefore, discovery orders are normally not immediately appealable. See Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp., 680 F.2d 743, 745 (11th Cir. 1982). However, the collateral order doctrine, established by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), provides an exception to the finality requirement of 28 U.S.C. § 1291. Under Cohen, an order is appealable if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is

effectively unreviewable on appeal from a final judgment. See Coopers &

Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

Appellant argues that the challenged discovery order is an appealable

"collateral order" under Cohen, because all three prongs of the Cohen test are met.

We conclude that the challenged discovery order meets the first and second prongs

of the relevant test. The district court's order requiring Appellant to produce the

disputed information leaves no room for the district court to further consider

whether the information at issue is protected. As for the second prong, we agree

that the attorney-client privilege is important and that the district court can resolve

the privilege issues (*i.e.*, whether Appellant must produce the disputed documents

and communications) without deciding the merits of the case.

As for the third prong, however, we do not find that a discovery order that

implicates the attorney-client privilege is effectively unreviewable on appeal from

a final judgment. If this Court were to determine on appeal from a final judgment

that privileged information was wrongly turned over and was used to the detriment

of the party asserting the privilege, we could reverse any adverse judgment and

require a new trial, forbidding any use of the improperly disclosed information, as

well as any documents, witnesses, or other evidence obtained as a consequence of

the improperly disclosed information.

This circuit has previously held that discovery orders are not appealable. See In re Int'l Horizons, Inc., 689 F.2d 996, 1000-01 (11th Cir. 1982); Rouse Constr. Int'l, Inc., 680 F.2d at 743 (11th Cir. 1982). "Ordinarily, a litigant seeking to overturn a discovery order has (only) two choices. Either he can comply with the order and challenge it at the conclusion of the case or he can refuse to comply with the order and contest its validity if subsequently cited for contempt for his refusal to obey." Rouse Constr. Int'l Inc., 680 F.2d at 745. Indeed, in International Horizons we found that the defendant could not appeal the district court's order requiring the defendant to disclose documents that the defendant argued were protected by the accountant-client privilege. In re Int'l Horizons, Inc., 689 F.2d at 1001.

This circuit has not, however, directly addressed the question of whether a discovery order compelling the disclosure of information claimed to be protected by the attorney-client privilege can be appealed before final judgment under Cohen. A number of circuits have addressed the issue, and there are decisions on both sides. In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1087-89 (9th Cir. 2007)(finding jurisdiction under the collateral order doctrine to review the district court's order compelling production of attorney-client communication); United States v. Phillip Morris, Inc., 314 F.3d 612, 617-21 (D.C. Cir. 2003)(same);

9

F.D.I.C. v. Ogden Corp., 202 F.3d 454, 458 & n. 2 (1st Cir. 2000)("[D]iscovery orders generally are not thought to come within [the collateral order doctrine]"; the "perfect example" of a discovery order that is not appealable under the collateral order doctrine is one involving a party's claim of attorney-client privilege.); In re Ford Motor Co., 110 F.3d 954, 964 (3d Cir. 1997)("[T]he strictures of the collateral order doctrine have been met in this case, and we have jurisdiction over the appeal."); Boughton v. Cotter Corp., 10 F.3d 746, 749-50 (10th Cir. 1993)(declining to accept jurisdiction, and stating that "in virtually every case in other circuits involving similar attorney-client privilege claims, the courts have refused to take jurisdiction."); Texaco Inc. v. Louisiana Land and Exploration Co., 995 F.2d 43, 44 (5th Cir. 1993)(order requiring plaintiff to produce certain documents that it claimed were subject to attorney-client privilege was not appealable under the collateral order doctrine); Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 162-63 (2d Cir. 1992)(pretrial discovery orders are not appealable under the collateral order doctrine); Reise v. Bd. of Regents of Univ. of Wisconsin Sys., 957 F.2d 293, 295 (7th Cir. 1992)("[O]rders to produce information over strong objections based on privilege are not appealable."); Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 (Fed. Cir.

10

1991)(order compelling discovery of attorney opinion letters was not immediately appealable under the collateral order doctrine).

We conclude that the challenged discovery order is not an appealable collateral order under Cohen. There appears to this Court to be no clear distinction between the interlocutory appeal of a discovery order implicating the attorney-client privilege and an interlocutory appeal of a discovery order implicating the accountant-client privilege, and this Court has previously held that the latter is not appealable. See In re Int'l Horizons, Inc. 689 F.2d 996 (11th Cir. 1982). Further, we are not persuaded by Appellant's argument that once the privileged material is turned over, the "cat is out of the bag" and the damage is done.

This Court has never exercised jurisdiction under the collateral order doctrine to review any discovery order involving any privilege. Rather, "mandamus is often an appropriate method of review of orders compelling discovery." In re Fink, 876 F.2d 84, 84 (11th Cir. 1989). We have explained:

> In the context of discovery orders which will compromise a claim of privilege or invasion of privacy rights, mandamus has been found appropriate due to the importance of the privilege, the seriousness of the injury if discovery is obtained, and the difficulty of obtaining effective review once the privileged information has been made public.

In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003)(quoting In re Fink, 876 F.2d at 84).  Similarly, other Circuits have denied collateral order review of discovery orders denying a claim of privilege, and instead, those Circuits state that mandamus review is the appropriate avenue for immediate review, although mandamus relief is an extraordinary remedy. See In re U.S. Dep't of Homeland Sec., 459 F.3d 565, 568 (5th Cir. 2006)(stating that "[m]andamus is appropriate if the district court errs in ordering the discovery of privileged documents, as such an order would not be reviewable on appeal"); Simmons v. City of Racine, PFC, 37 F.3d 325, 327, 328-29 (7th Cir. 1994)(explaining that the court lacked jurisdiction over an appeal of a discovery order compelling the production of documents allegedly protected by privilege, but stating that the appellants could "obtain immediate review of an adverse discovery order by other means[,]" including petitioning the court for a writ of mandamus); Boughton, 10 F.3d at 750-51 (holding that an order compelling production of information allegedly protected by the attorney-client privilege was not appealable under the collateral order doctrine and, instead, analyzing whether the order could be vacated under a writ of mandamus); Chase Manhattan Bank, 964 F.2d at 163 (rejecting the application of the collateral order doctrine in an appeal from a discovery order that required disclosure of documents allegedly protected by the attorney-client privilege, and

instead, overturning the discovery order through a writ of mandamus); see also U.S. ex rel. Pouge v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 473 (6th Cir. 2006)(refusing to determine the applicability of the collateral order doctrine to a challenge of a discovery order's finding relating to the attorney-client privilege, in part, because the court had "traditionally viewed mandamus as the sole method by which [an appellate court] might review a discovery order involving a claim of privilege").

Further, utilizing the writ of mandamus, which places a higher burden on the challenging party than a direct appeal, as the appropriate vehicle to hear challenges to discovery disputes grounded in the attorney-client privilege is desirable. A potentially large volume of appeals may arise out of such discovery orders, and thus, there are powerful prudential reasons to avoid commonplace interlocutory appeals. Utilizing the writ of mandamus, as opposed to the collateral order doctrine, as the appropriate avenue to seek review of discovery orders involving claims of privilege strikes an appropriate balance between the concerns of furthering the important policies of full and frank communication sought to be furthered by the privilege and the concerns of judicial efficiency.

Furthermore, another avenue of review *may* exist if the party challenging the discovery order refuses to comply with the order and contests its validity after

being cited for contempt. However, we note that contempt orders resulting from discovery disputes are not appealable final orders unless the contempt order imposes "a fine or penalty . . . that may not be avoided by some other form of compliance." Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 976 (11th Cir. 1986). Thus, in order for the contempt order to be immediately appealable, "[t]here must be *both* a finding of contempt and a *noncontingent* order of sanction." Id. at 977; see also William J. Doyle v. London Guar. & Accident Co., Ltd., 204 U.S. 599, 604-05 (1907); S.E.C. v. Kirkland, __ F.3d __, No. 07-15255, 2008 WL 2653634, at *1 (11th Cir. July 8, 2008).

Accordingly, we hold that the instant appeal is not permissible under the Cohen exception and note that there are other possible avenues for immediate review. Therefore, we grant Appellee's motion to dismiss the appeal.

## III. Mandamus

Having granted Appellee's motion to dismiss the appeal, the Court turns to Mohawk's petition for writ of mandamus. Mandamus is an extraordinary remedy, and it is appropriate only when "no other adequate means are available to remedy a clear usurpation of power or abuse of discretion by the district court." In re Loudermilch, 158 F.3d 1143, 1144 (11th Cir. 1998). The petitioner seeking the writ carries the burden of showing that its "right to the issuance of the writ is

14

'clear and indisputable.'" In re Lopez-Lukis, 113 F.3d at 1188. A writ will not issue "merely because [the petitioner] shows evidence that, on appeal, would warrant reversal of the district court." In re Bellsouth Corp., 334 F.3d at 953. A district court's discovery orders are reviewed for an abuse of discretion. See In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003). A clear error of judgment or application of an incorrect legal standard is an abuse of discretion. See Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000).

Here, Mohawk seeks a writ of mandamus directing the district judge to vacate the part of his order finding that Mohawk implicitly waived its attorney-client privilege, and directing the district court not to compel Mohawk to produce the disputed information. Even if we were to conclude that the district court had erred in finding that Mohawk waived the attorney-client privilege, Mohawk still has not shown that its right to the issuance of the writ is clear and indisputable. In re Lopez-Lukis, 113 F.3d at 1188. Mandamus is appropriate only when there has been a clear usurpation of power or abuse of discretion, and Mohawk has not shown that either occurred here. In re Loudermilch, 158 F.3d at 1144.

This appeal is DISMISSED for lack of jurisdiction, and Mohawk's petition for writ of mandamus is DENIED.