[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12532
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:02-cr-00072-JES-SPC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKIE LEE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Frankie L. Smith appeals the district court's denial of his *pro se* petition for

a writ of mandamus seeking to compel the government to file a U.S.S.G. § 5K1.1

motion to reduce his sentence. Because we conclude that the district court did not abuse its discretion, we affirm.

Pursuant to a written plea agreement, Smith pleaded guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine. The agreement included a provision that the government would consider a sentencing reduction based on Smith's substantial assistance to authorities in the prosecution of others. Specifically, the provision stated,

> If [Smith's] cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as 'substantial assistance' . . . warranting the filing of a motion at the time of sentencing recommending . . . a downward departure from the applicable guideline range pursuant to USSG §5K1.1 . . . . If [Smith's] cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as 'substantial assistance'. . . warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

At the change-of-plea hearing, Smith confirmed that there were no other promises made by the government. The government then informed the court that it intended to file a "5K1" based on Smith's substantial assistance.

2

At sentencing, however, the government stated that Smith's cooperation was not complete and that it intended to file for a reduction under Rule 35 for his cooperation at a later date. Smith was sentenced to 262 months' imprisonment, which was later reduced to 214 months' imprisonment based on the Rule 35 motion.

After filing several motions seeking a reduction in his sentence, Smith filed the instant petition for a writ of mandamus to compel the government to file the § 5K1.1 motion. The district court denied the petition, finding that Smith had not shown he was entitled to relief.

We review the district court's refusal to issue a writ of mandamus for an abuse of discretion. *See Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008). "Mandamus is an extraordinary remedy, and it is appropriate only when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion by the district court." *Id.* (quotation omitted). Further, a petitioner must prove that his "right to the issuance of the writ is clear and indisputable." *Id.* (quotation omitted). Thus, we have articulated three requirements for the issuance of a writ of mandamus: (1) the petitioner has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th

3

Cir. 2003).

In this case, the district court did not abuse its discretion.[1] Smith did not have a clear right to the relief requested because his plea agreement provided only that the government would consider filing either a § 5K1.1 motion or a Rule 35 motion depending on when Smith's cooperation was complete. Because Smith's cooperation was not completed until after the sentencing proceeding, under the terms of the plea agreement Smith was not entitled to a reduction under § 5K1.1.

Second, the government did not have a clear duty to act. Although the prosecutor indicated his intent to file a § 5K1.1 motion at Smith's change-of-plea hearing, when the time came at sentencing for such a motion, Smith's cooperation was not complete. Thus, the government relied on the explicit language of the plea agreement in later filing a Rule 35 motion to reduce Smith's sentence once Smith's cooperation was completed after sentencing.

Third, Smith had other adequate remedies to seek redress. Smith concedes that he has raised his claim in numerous other filings, indicating the availability of other remedies. That Smith could not establish his eligibility for different forms of

---

[1] Although we address the merits of the request for mandamus relief here, we note that the district court did not abuse its discretion because, as part of his plea agreement, Smith waived the right to bring any challenge to the government's decision whether to file a motion for a reduction in sentence based on substantial assistance.

4

relief does not establish that those remedies were inadequate, nor does it entitle him to the extraordinary remedy of a writ of mandamus.

**AFFIRMED.**