[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15479
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cr-00718-CAP-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN F. TRIPLETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 17, 2013)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

In 2003, a jury convicted John Triplett of conspiracy to commit mail, wire, and honest services fraud, in violation of 18 U.S.C. § 371. Triplett was sentenced to 51 months' imprisonment and three years of supervised release. He was also fined $10,000 and ordered to pay restitution in the amount of $86,512.02. Triplett satisfied the monetary obligations of his judgment in 2008, and his term of supervised release ended in 2009.

In 2011, proceeding *pro se*, Triplett filed a motion requesting relief under 28 U.S.C. § 2255, 28 U.S.C. § 2241, Federal Rules of Criminal Procedure 33 and 34, 28 U.S.C. § 1361, and 28 U.S.C. § 1651. The district court denied his requests for relief on all grounds. Triplett contends the district court erred in denying relief because the Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010), decriminalized the honest services fraud statute, and argues the restitution he paid should be returned. After review,[1] we affirm.

---

[1] Triplett's claim for relief under § 2255 is not before us as both the district court and this Court denied him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). We review the denial of relief under § 2241 *de novo*. *Bowers v. Keller*, 651 F.3d 1277, 1291 (11th Cir. 2011). We review the denial of a new trial under Federal Rule of Criminal Procedure 33 for abuse of discretion. *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009). A district court's subject matter jurisdiction is a question of law reviewed *de novo*. *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992). We review a district court's denial of a writ of mandamus for abuse of discretion. *See In re Stewart*, 641 F.3d 1271, 1275 (11th Cir. 2011). We review a district court's denial of a writ of *coram nobis* for abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002).

2

*28 U.S.C. § 2241*

Triplett's claim for relief under § 2241 fails because Triplett was not "in custody" at the time that he filed his § 2241 petition. *See* 28 U.S.C. § 2241(c). Triplett filed the instant petition in 2011, but had satisfied the monetary obligations of his judgment in 2008, and was released from supervised release in 2009. Triplett is also unable to use § 2241 to challenge the restitution portion of his sentence. *See Arnaiz v. Warden Fed. Satellite Low*, 594 F.3d 1326, 1329-30 (11th Cir. 2010).

*Federal Rules of Civil Procedure 33 and 34*

As to Triplett's claims under Rules 33 and 34, the time period for filing such claims has expired. Triplett was convicted in 2003, but did not file the instant motion until 2011. Because Triplett only had 14 days after the verdict to file a motion under Rule 33, or 3 years if his motion was based on newly discovered evidence, the district court did not abuse its discretion in determining that Triplett was not entitled to relief under Rule 33. *See* Fed. R. Crim. P. 33. Similarly, the district court did not err in denying Triplett's Rule 34 motion because he filed it more than 14 days after the verdict and therefore the district court did not have jurisdiction to review it. *See Massicot v. United States*, 254 F.2d 58, 61 (5th Cir. 1958) (explaining the time period for filing a motion in arrest of judgment under

3

Federal Rule of Criminal Procedure 34 is jurisdictional); *see also* Fed. R. Crim. P. 34.

## *Mandamus relief*

The district court did not abuse its discretion in denying Triplett mandamus relief because he failed to identify any federal officer or official owing him a clear duty. *See* 28 U.S.C. § 1361 (stating "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Moreover, he has not shown there was a "clear usurpation of power or abuse of discretion" by any federal officer or official. *See Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (explaining mandamus relief is only appropriate where there has been a "clear usurpation of power or abuse of discretion").

## *Writ of error* coram nobis

A writ of error *coram nobis* is available to vacate a conviction after the petitioner has served his sentence. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). "The bar for coram nobis relief is high. First, the writ is appropriate only when there is and was no other available avenue of relief." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). The error must relate to a "matter of

fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular or invalid." *Id.*

A "'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. In *Skilling*, the Supreme Court limited 28 U.S.C. § 1346 to schemes involving bribes and kickbacks. 130 S. Ct. at 2931. The Supreme Court noted that honest services fraud "does not encompass conduct more wide-ranging than the paradigmatic cases of bribes and kickbacks." *Id.* at 2933. The Supreme Court held Skilling did not commit honest services fraud because his indictment did not allege and the government did not prove Skilling had engaged in bribery or kickbacks, and instead the theory of liability was based on self-dealing, which did not constitute honest services fraud. *Id.* at 2934. The Supreme Court remanded for consideration of harmless error because the indictment alleged three objects of the conspiracy— honest services fraud, money or property wire fraud, and securities fraud. *Id.*

The district court did not abuse its discretion in denying Triplett *coram nobis* relief. Triplett's argument that *Skilling*'s narrowing of the honest services fraud statute renders his conviction and restitution unconstitutional is unavailing because a review of the criminal proceedings shows Triplett was convicted based on mail, wire, and honest services fraud. The indictment specifically stated Triplett received kickbacks through the United States mail and wire transfers. The district

5

court instructed the jury that the objects or goals of the conspiracy were to: defraud Triplett's employer, the Henry Pratt Company; obtain money from the Henry Pratt Company by false and fraudulent pretenses; and to deprive the Henry Pratt Company of its intangible right to Triplett's honest services.  Moreover, the special jury verdict form showed the jury found Triplett conspired to: defraud the Henry Pratt Company by United States mail; obtain money from the Henry Pratt Company by means of false and fraudulent pretenses, representations, and promises by United States mail; deprive the Henry Pratt Company of Triplett's honest services by United States mail; defraud the Henry Pratt Company by interstate wire transmissions; obtain money from the Henry Pratt Company by means of false and fraudulent pretenses, representations, and promises by interstate wire transmissions; and deprive the Henry Pratt Company of the Triplett's honest services by interstate wire transmission.

It is clear from the indictment, jury instructions, and special verdict form that Triplett was found guilty of 18 U.S.C. § 371 based on mail and wire fraud, in addition to honest services fraud.  *See Skilling*, 130 S. Ct. at 2931-33.  And as to the honest services fraud component of Triplett's conviction, the indictment shows the scheme under which Triplett was convicted involved kickbacks and therefore fell squarely within *Skilling*'s definition of honest services fraud.  *See Skilling*, 130 S. Ct. at 2931-33.  Accordingly, we affirm.

**AFFIRMED.**