[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15121
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03132-TWT


ROBERT G. MODRALL,

Plaintiff-Appellant,

versus

BOB CORKER,
BILL KILLIAN,
et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 12, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Modrall appeals the dismissal of his *pro se* petition for writ of mandamus that directed the regional Drug Enforcement Agency ("DEA") headquarters in Atlanta to provide necessary facts relating to his pending appeal before the Sixth Circuit Court of Appeals.

We review *de novo* a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Section 1915(e)(2)(B)(ii) and (iii) provide that a district court shall, at any time, dismiss a case proceeding *in forma pauperis* if it determines that the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). We review a district court's dismissal under § 1915(e)(2)(B)(ii) using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* While *pro se* complaints should be liberally

2

construed, they still must allege factual allegations that raise a right to relief above the speculative level. *See Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014).

Where it appears that a more carefully drafted pleading might state a claim, a *pro se* plaintiff "must be given at least one chance to amend . . . before the district court dismisses the action with prejudice." *See Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled plaintiffs). But the district court need not grant leave to amend "where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Moreover, where an appellant fails to argue the merits of an issue on appeal, he is deemed to have abandoned it. *See Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005.

Mandamus relief is only appropriate when (1) the plaintiff has a clear right to the relief requested, (2) the defendant has a clear duty to act, and (3) there is no other adequate remedy available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation omitted). The petitioner carries the burden of showing that his right to the writ of mandamus is clear and indisputable. *Carpenter v. Mohawk Industries, Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008).

Modrall failed to state a plausible claim for which mandamus relief could be granted. Although he alleged that federal officials caused him significant injury,

3

he failed to articulate how that abuse entitled him to mandamus relief. Further, he did not state why the Regional DEA in Atlanta had a clear nondiscretionary duty to provide him with supporting evidence for his appeal. He also did not show that there was no alternative, adequate remedy available to him.

Additionally, Modrall did not argue, on appeal, that the district court should have allowed him one opportunity to amend his petition before dismissing it, and therefore, such an argument is abandoned. *See Sepulveda,* 401 F.3d at 1228 n.2. In any event, in light of Modrall's subsequent filings both before the district court and on appeal, the refusal to allow Modrall an opportunity to amend is not error because any amendment would have been futile. *Corsello*, 428 F.3d at 1014.

In sum, because the district court properly dismissed Modrall's petition for writ of mandamus, we affirm.

**AFFIRMED.**[1]

---

[1]    Robert Modrall's request, in his initial brief, for appointment of a "victim witness" coordinator and other relief is construed as a motion but is DENIED.