[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15696
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04374-RWS

REVEREND MICHAEL JON KELL,
THE FIRST MELIORITE CHURCH,
THE FIRST MELIORITE CHURCH OF CURACAO,
Self-Representing As A Matter Of Constitutional State
Law As Noncorporate Nonstatutory Entities,

Plaintiffs-Appellants,

versus

DAVID J. SMITH,
Clerk of the U.S. Appellate 11th Circuit, Atlanta,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 18, 2018)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Kell, the First Meliorite Church, and the First Meliorite Church of Curacao ("Plaintiffs"), proceeding *pro se*, appeal the District Court's non-final order directing the Churches to obtain counsel, or risk dismissal of their complaint in equity under 28 U.S.C. § 1651 against David Smith, the Clerk of this Court. The District Court ordered the Churches to obtain counsel because artificial entities are not permitted to represent themselves in federal court. Plaintiffs contend that the Churches are permitted to represent themselves because Georgia law applies in the present case and allows unincorporated churches to self-represent. They further argue that federal law also permits unincorporated entities to represent themselves. Next, they aver that Kell, as the Churches' pastor, can represent himself and the Churches. Finally, they argue that the order requiring the Churches to obtain counsel violated various constitutional rights. For the foregoing reasons, we affirm.

## I.

We begin with jurisdiction. We have an obligation to review *sua sponte* whether we have jurisdiction to entertain an appeal. *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 818 (11th Cir. 2010).

2

An otherwise non-final order may be deemed appealable under the "collateral order doctrine." *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1052 (11th Cir. 2008). The collateral order doctrine provides that "an order is appealable if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *Id.* We have held that orders denying *pro se* status fit squarely within the scope of the collateral order doctrine and, thus, are immediately reviewable for appeal because such orders are separate from the underlying claim and the "harm in erroneously denying a party leave to proceed *pro se* . . . cannot be repaired after a judgment on the merits." *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 579–80 (11th Cir. 1997), *overruled in part on other grounds*, *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S. Ct. 1994 (2007).

In this appeal, Plaintiffs challenge the District Court's order instructing the Churches to obtain counsel. This falls within the collateral order doctrine. Accordingly, we have jurisdiction over the present appeal.

## II.

Next, we address whether federal law or Georgia law applies. The district courts have original jurisdiction of civil actions arising under the laws of the United States. 28 U.S.C. § 1331. In civil actions in federal court, state law applies

to any issue not governed by federal law.  28 U.S.C. § 1652; *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010).  Where jurisdiction is founded on diversity and no federal question is involved, we must apply substantive state law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938).  Federal Rule of Civil Procedure 17(b) indicates that state law controls the capacity of parties to sue or be sued, but does not address their right to self-represent.  Fed. R. Civ. P. 17(b).

Here, federal law controls because the Plaintiffs brought their complaint in equity seeking a writ pursuant to 28 U.S.C. § 1651, a federal statute.  This gave the District Court federal-question jurisdiction.  Moreover, Rule 17(b) did not require the court to apply state law regarding the Churches' right to self-representation.  That Rule only addresses parties' capacities to *sue or be sued*, not their capacity to accept or decline representation.[1]  Thus, the District Court did not err by applying federal law.

### III.

Having established that federal law governs the matter, we now turn to the Churches' self-representation rights under that law.  Parties are permitted by statute to plead and conduct their cases personally or by counsel as the rules of the

---

[1] Moreover, their complaint could not have been based on diversity jurisdiction because they indicated that they were not seeking damages and did not show that they were citizens of a different state than Smith.

federal courts permit.  28 U.S.C. § 1654.  The Supreme Court has noted that, in general, the lower courts have uniformly read § 1654 to disallow corporations, partnerships, or associations from appearing in federal court except through a licensed attorney.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993).  This Court is among those that have read the statute that way: we have noted that § 1654 "appears to provide a *personal* right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (emphasis added).  We have also recognized the well-established rule that a corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  This is so even when the person seeking to represent the corporation is its president and major shareholder. *Id.*; *see also Nat'l Indep. Theater Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (reasoning that, by requiring a licensed attorney who can be sanctioned for his conduct to represent corporations, the rule protects "the court and the public from unscrupulous and irresponsible behavior").

The local rules for the Northern District of Georgia are consistent with § 1654.  They indicate that when an attorney seeks to withdraw from representation of a corporation, he or she must notify the client that a corporation may only be represented in court by an attorney and that a corporate officer may

not represent the corporation unless the officer is also an attorney licensed to practice law in Georgia.  N.D. Ga. L.R. 83.1E.(2)(b)(I).

Here, the District Court did not abuse its discretion in ordering the Churches to obtain counsel.  Under federal law, the Churches were not entitled to represent themselves because the federal statute conferring the right to self-representation is limited by federal courts' local rules and the Northern District of Georgia's rules prohibit corporate entities from representing themselves, a limitation that applies to all artificial entities, not just ones that have incorporated by statute.  Likewise, Kell could not represent the Churches because he is not a licensed attorney.  Accordingly, the District Court did not abuse its discretion by requiring the Churches to obtain counsel.

## IV.

This leaves only Plaintiffs' federal constitutional claims.  The Due Process and Equal Protection Clauses of the Fourteenth Amendment prohibit states from depriving any person of life, liberty, or property, without due process of law, and denying to any person within their jurisdiction equal protection of the laws.  U.S. Const. amend. XIV, § 1.  The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of life, liberty, or property without due process of law.  U.S. Const. amend. V.  The Due Process

6

Clause of the Fifth Amendment also has an equal protection component that applies to the federal government. *United States v. Scrushy*, 721 F.3d 1288, 1305 (11th Cir. 2013).

Substantive due process protects fundamental rights—those that are "implicit in the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). However, where a right is created only by state law, it is not subject to substantive due process protection. *Id.*

*Pro se* filings are held to a less stringent standard than those drafted by attorneys and thus are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, where a *pro se* litigant fails to raise a legal claim on appeal, the claim is abandoned, and we will not review it. *Timson*, 518 F.3d at 874. Where an appellant makes only passing reference to an issue or raises it in a perfunctory manner, without providing supporting arguments or authority, that claim is considered abandoned and need not be addressed on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Although Plaintiffs reference the separation of church and state and violations of their rights to equal protection, we need not review the issues because they offer no supporting arguments and thereby abandon such claims. Plaintiffs also have not established that they suffered any violation of their Fourteenth Amendment due process rights because their assertions are based on the District

7

Court's order, not on the conduct of any *state* actor.  Construed to assert due process claims under the Fifth Amendment, their arguments still fail.  First, the Plaintiffs make no argument to establish that they were denied procedural due process in the present proceedings.  Second, in arguing that the Churches possess the fundamental right to represent themselves, they cite only Georgia law, which cannot create a substantive due process right under the federal Constitution.

Accordingly, we affirm the District Court's order directing the Churches to obtain counsel.

**AFFIRMED.**