[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12374
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-60129-WPD

FRANK VOUDY,
6651 N.W. 103rd Lane Parkland, FL 33076,

Plaintiff - Appellant,

versus

SHERIFF OF BROWARD COUNTY FLORIDA,
Scott Israel,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2019)

Before JORDAN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal is the second in a case that Frank Voudy brought against the Broward County Sheriff's Office, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); and the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a). The parties cross moved for summary judgment; the district court granted the Sheriff's motion and denied Voudy's. In the first appeal, this Court reversed the district court's grant of summary judgment to the Sheriff. We concluded that the Sheriff was not entitled to summary judgment because Voudy established a prima facie case of unlawful discrimination that the Sheriff failed to rebut. On remand, Voudy filed a motion requesting that the district court enter judgment in his favor pursuant to this Court's mandate. The district court denied that motion on the ground that our mandate did not require it to enter judgment in Voudy's favor. After a trial, the jury entered judgment in favor of the Sheriff.

Voudy now appeals the denial of the motion he filed on remand to enforce what he understood as the mandate we issued in his first appeal. He argues that the district court was required to enter judgment in his favor on remand based on our conclusion that he had established a prima facie case of unlawful discrimination that the Sheriff had failed to rebut. Due to the nature of the relief Voudy seeks, we treat this appeal as a petition for a writ of mandamus. And we dismiss the petition

2

because the mandate we issued in the first appeal did not require the district court on remand to enter judgment for Voudy.

## I.    BACKGROUND

Because we write for the parties, we recite only the facts necessary to understand our ruling.  For a fuller account, see our previous opinion, *Voudy v. Sheriff of Broward County*, 701 F. App'x 865 (11th Cir. 2017) (unpublished).

Frank Voudy, a white deputy in the Broward County Sheriff's Office ("BSO"), brought this action alleging that BSO discriminated against him based on his race when it denied him a promotion while promoting instead two black deputies.  Following discovery, the parties cross moved for summary judgment. The district court granted BSO's motion and denied Voudy's.  Voudy appealed.

On appeal, we reversed the district court's grant of summary judgment to the Sheriff.  We concluded that "the district court erred in granting summary judgment to the Sheriff" because "Voudy established a *prima facie* case of discrimination and the Sheriff failed to rebut it by articulating a legitimate, nondiscriminatory reason for Voudy's non-promotion."[1]  *Voudy*, 701 F. App'x at 871.  We

---

[1] "Under the *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)] framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case of discrimination.  The plaintiff's successful assertion of a *prima facie* case creates a rebuttable presumption that the employer unlawfully discriminated against him.  Second, if the plaintiff successfully demonstrates a *prima facie* case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. Once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, our

3

accordingly remanded the case to the district court "for proceedings consistent with th[at] opinion." *Id.*

On remand, each party filed a motion requesting that the district court enter judgment in its favor. Voudy filed a "Motion for Entry of Summary Judgment in Accordance with Eleventh Circuit's Mandate." Doc. 47 at 1.[2] He argued that this Court had reviewed the earlier-filed cross-motions for summary judgment and ruled both that he had established a prima facie case and that the Sheriff had failed to rebut that presumption with a legitimate, non-discriminatory reason for the promotion decision. He requested that the district court enter summary judgment in his favor "in accordance with the Eleventh Circuit's mandate." *Id.* at 7. The Sheriff filed on remand a renewed motion for summary judgment that included additional evidence intended to rebut Voudy's prima facie case.

The district court denied the parties' motions. As to Voudy's motion, the court stated that it "d[id] not agree that the Eleventh Circuit opinion means that Plaintiff prevails; if the Eleventh Circuit wanted the [d]istrict [c]ourt to enter judgment for Plaintiff, they could have said so." Doc. 60 at 3 n.1. As to the

---

inquiry proceeds to a new level of specificity, in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." *Voudy*, 701 F. App'x at 868 (alterations adopted) (citations omitted) (internal quotation marks omitted).

[2] "Doc. #" refers to the numbered entry on the district court's docket.

Sheriff's renewed summary judgment motion, the court concluded that "material issues of fact preclude[d] summary judgment." *Id.* at 3.

After a trial, the jury ruled in the Sheriff's favor. The district court then entered judgment for the Sheriff and against Voudy.

Voudy again appeals.

## II.    DISCUSSION

Voudy argues that the district court failed to follow our mandate when it denied on remand his "Motion for Entry of Summary Judgment in Accordance with Eleventh Circuit's Mandate." The Sheriff responds that Voudy may not appeal the denial of his motion for summary judgment after a full trial on the merits. The Sheriff also argues that the district court complied with the mandate rule by allowing the case to proceed to trial.

Before proceeding to the merits, we must first determine whether we should treat Voudy's appeal as appealing the denial of a motion for summary judgment. The Sheriff is correct that we "will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits." *Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1286 (11th Cir. 2001). But a review of Voudy's motion indicates that he did not in substance move the district court for summary judgment in his favor pursuant to Federal Rule of Civil Procedure 56. Rather, his motion requested that the district court enter judgment for him pursuant to this

5

Court's mandate.  We accordingly exercise our discretion to treat Voudy's appeal of the denial of that motion as a petition for a writ of mandamus.  *See Hines v. D'Artois*, 531 F.2d 726, 732 (5th Cir. 1976) (noting that a court of appeals has discretionary authority to treat an "attempted appeal as a petition for mandamus").[3] *See also Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985) ("If the trial court fails fully to implement the mandate, the aggrieved party may apply to the appellate court for enforcement, by petitioning for a writ of mandamus.").

We now turn to the merits of Voudy's petition for a writ of mandamus. "Mandamus is an extraordinary remedy, and it is appropriate only when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion by the district court."  *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (internal quotation marks omitted).  "The petitioner seeking the writ carries the burden of showing that its right to the issuance of the writ is clear and indisputable."  *Id.* (internal quotation marks omitted).

Voudy has failed to show that he is entitled to the issuance of a writ of mandamus based on the district court's purported violation of the mandate rule. "The mandate rule is a specific application of the law of the case doctrine[,] which

---

[3] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit."  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

6

provides that subsequent courts are bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case." *Friedman v. Mkt. St. Mortg. Corp.*, 520 F.3d 1289, 1294 (11th Cir. 2008) (internal quotation marks omitted). "A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Id.* (internal quotation marks omitted). The district court did not violate the mandate rule by denying Voudy's motion filed after remand. We reviewed in the first appeal only the district court's grant of the Sheriff's summary judgment motion, not its denial of Voudy's summary judgment motion. *Voudy*, 701 F. App'x at 866 ("Frank Voudy . . . appeals the district court's grant of summary judgment to Sheriff Scott Israel on Voudy's claim that the Sheriff discriminated against him on the basis of race . . . ."). We held that "the district court erred in granting summary judgment to the Sheriff." *Id.* at 871. Nothing in our order stated that Voudy was entitled to judgment in his favor based on the fact that he had successfully defeated the Sheriff's summary judgment motion. Thus, our mandate did not require the district court on remand to enter judgment in Voudy's favor.

### III.    CONCLUSION

We find no error in the district court's denial of Voudy's "Motion for Entry of Summary Judgment in Accordance with Eleventh Circuit's Mandate."  Voudy's petition for a writ of mandamus is dismissed.

**DISMISSED.**

JORDAN, Circuit Judge, concurring:

I join the court's opinion, but note that the result as to the merits would be the same even if we considered this to be an appeal from a final judgment instead of a petition for a writ of mandamus. *See General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1495 n.18 (11th Cir. 1997) (addressing, in an appeal, whether the district court had violated the appellate mandate.)