[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10864
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-25269-JEM

VALENTINE B. ANDELA,

Plaintiff-Appellant,

versus

U-HAUL INTERNATIONAL, INC.,
KATHLEEN M. WILLIAMS,
U.S. District Court Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2020)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

More than eight years ago, the district court dismissed with prejudice Valentine Andela's case against U-Haul International, Inc.  Andela still believes that the district court's dismissal was an egregious error and has now made multiple attempts to correct that ruling.  In his latest attempt, he filed an independent action for relief from judgment for fraud upon the court under Rule 60(d) of the Federal Rules of Civil Procedure.[1]  The district court *sua sponte* dismissed his complaint and then denied his motion to alter or amend the judgment.  Finding no abuse of discretion, we affirm the district court's dismissal.

## I.

We review the dismissal of an independent action for relief from judgment under an abuse of discretion standard.  *Booker v. Dugger*, 825 F.2d 281, 285 (11th Cir. 1987).  An independent action "should be available only to prevent a grave miscarriage of justice."  *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

## II.

Rule 60(d) allows a district court to entertain an independent action for relief from judgment and to set aside a judgment for fraud on the court.  Fed. R. Civ. P. 60(d).  But the spectrum of fraud that warrants relief is very narrow.  It embraces

---

[1] Andela's complaint explains that he is bringing this action under the "savings clause" of Rule 60(d)(3) of the Federal Rules of Civil Procedure, "authorizing independent actions for fraud on the court."  It is unclear whether a plaintiff may file an independent action (rather than a motion) for relief under Rule 60(d)(3).  Only Rule 60(d)(1) mentions an independent action.  *See* Fed. R. Civ. P. 60(d)(1).  But what is clear is that Andela has initiated a new action to allege fraud and has not filed a motion in his original case.  So we will evaluate this case under the standards this Court has established for independent actions.

"only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (quotation omitted).[2] We have held that an independent action should not be used to relitigate issues that were or could have been raised in the original case. *Id.* at 1552. For instance, neither a party's perjury nor fabricated evidence constitutes fraud upon the court because those "are evils that can and should be exposed at trial." *Id.* (quotations omitted). In sum, only the "most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court" and justify relief from the original judgment. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (quotation omitted).

Andela has not shown that the district court abused its discretion by finding that he had not alleged such egregious misconduct here. Indeed, as the district court observed, Andela appears to be trying to relitigate potential legal errors in his previous case, which he now labels as "fraud." In his briefing, Andela insists that the district court judge in his original case committed fraud on the court by dismissing his case "in clear absence of all jurisdiction," and by submitting a "patently false affidavit" to this Court. That "patently false affidavit" was,

---

[2] The "savings clause" allowing independent actions to provide relief from judgment used to be located in Rule 60(b). *See* Fed. R. Civ. P. 60 (2006). In 2007, Rule 60 was amended to move the savings clause to Rule 60(d). But this Court has continued to apply pre-2007 caselaw, such as *Travelers*, to evaluate independent actions under Rule 60(d). *See, e.g.*, *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014).

actually, the district court's order dismissing the case and denying Andela's motion to proceed on appeal *in forma pauperis*. And the allegedly "materially false" statement that Andela points to was the explanation the district court gave for denying his motion to proceed *in forma pauperis*: "Andela would be unable to show that his appeal involves non frivolous issues." His complaint also identified several other procedural or legal errors in his 2012 case, including that U-Haul failed to provide timely disclosures, that the district court incorrectly found that Andela's summary judgment motion was premature, and that the district court wrongly determined that Andela had failed to file a statement of undisputed facts with his summary judgment motion.

Even taking these allegations as true, these errors do not justify relief under Rule 60(d). Both the procedural and jurisdictional errors could have been raised before and adjudicated by the district court in Andela's original case. *Travelers*, 761 F.2d at 1552. And though Andela claims that the district court judge filed a "patently false affidavit," the only false statement he identified in his complaint was the district court's judgment that his appeal lacked sufficient merit to allow it to grant his motion to proceed *in forma pauperis* on appeal. This is a legal judgment that cannot be recast as fraud and relitigated under Rule 60(d). Moreover, Andela's brief points us to no caselaw suggesting that the court made a "clear error of judgment" or applied an incorrect legal standard here. *Carpenter v. Mohawk Indus.*, 541 F.3d 1048, 1055 (11th Cir. 2008). We therefore find no abuse of discretion in the district court's dismissal.[3]

---

[3] Andela also insists that the district court wrongly determined that his independent action was

4

Andela's notice of appeal also indicated that he was seeking to appeal the district court's denial of his motion to alter or amend its judgment.  But because his brief makes no argument on this point, he has abandoned this argument.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We therefore affirm the district court's order dismissing Andela's case.

**AFFIRMED.**

---

untimely.  We need not address this issue since we find no abuse of discretion in the district court's separate determination that Andela's independent action was "unauthorized."