[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14120

Non-Argument Calendar

_____

MARIE L. HENRY,

Plaintiff-Appellant,

*versus*

CITY OF MOUNT DORA,
BRETT LIVINGSTON,
In his Official and Individual Capacities,
T. RANDALL SCOGGINS,
In his Official and Individual Capacities,
DEPARTMENT OF JUVENILE JUSTICE,
KACEY EDMONDSON,
In her Official and Individual Capacities, et al.,

2                    Opinion of the Court                    21-14120

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cv-01325-CEM-GJK

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Marie Henry, proceeding *pro se*, appeals the district court's denial of her Federal Rule of Civil Procedure 60(b)(4), (d)(3) motion seeking relief from the court's order dismissing her federal claims raised pursuant to several federal statutes, and remanding to state court her state law claims raised pursuant to Florida state law. After filing an ethics complaint against one of the defendants and a *pro se* motion to disqualify a judge in a predatory lending case, Henry was referred to a Florida Bar grievance committee on two counts of misconduct and, after disciplinary proceedings that she challenged as defective, she was suspended for 6 months. She originally filed her complaint in Florida state court, but the Florida Bar removed her case to the United States District Court for the Middle District of Florida.

On appeal, she argues, first, that the district court erred by denying her Rule 60 motion as untimely. Second, she contends

that the court abridged her due process right to an impartial tribunal, notice, and an opportunity to be heard by dismissing her federal claims where the defendants did not unanimously consent to removal, the court judicially noticed facts without a hearing, and the judge was a member of an adverse party. Third, she asserts that the court erred by failing to analyze fraud on the court. Finally, she argues that the court's denial of an extension to file objections to a magistrate judge's report and recommendation violated 28 U.S.C. § 2072.

## I.

We review *de novo* the denial of a motion to set aside a judgment for voidness under Rule 60(b)(4). *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736 (11th Cir. 2014). Motions pursuant to Rule 60(b)(4) are not subject to a reasonable timeliness requirement or a typical laches analysis. *Id.* at 737-38. But "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). When considering whether a movant slept on her rights, we have noted that subject matter jurisdiction cannot be waived and have addressed the merits of the movant's jurisdictional argument. *See Stansell*, 771 F.3d at 737 (holding that movant waived "his right to object to any defects in the service of process or to any denial of his right to be heard" because he "sat on his rights for nine months" but addressing alleged jurisdiction issues). We may affirm for any reason supported by the record. *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Here, the district court applied a reasonable time requirement to Henry's Rule 60(b)(4) motion, but that requirement was inappropriate. *See Stansell*, 771 F.3d at 737. However, Henry sat on her rights by waiting more than 2 years to file her Rule 60(b)(4) motion. *See id.* at 737-38. Thus, we affirm the district court as to any issues raised by Henry that do not relate to subject matter jurisdiction because she slept on her rights for over two years. *Bircoll*, 480 F.3d at 1088 n.21. Like in *Stansell*, however, we next consider Henry's arguments that the district court lacked subject matter jurisdiction. *See Stansell*, 771 F.3d at 737.

## II.

Federal Rule of Civil Procedure 60(b)(4) provides relief from a final judgment or order if the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is not void under Rule 60(b)(4) merely because it was erroneous. *Espinosa*, 559 U.S. at 270. Generally, it is void solely if it is premised on a jurisdictional error depriving the court of even arguable jurisdiction or on a due process violation that deprived a party of notice or the opportunity to be heard. *See id.* at 271. Federal courts always have jurisdiction to determine their own jurisdiction. *In re Nica Holdings, Inc.*, 810 F.3d 781, 789 (11th Cir. 2015). The *Rooker-Feldman*[1] doctrine is a narrow jurisdictional doctrine concerning a court's subject matter jurisdiction

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

that bars parties who lose a case in state court from appealing their loss in a federal district court. *Behr v. Campbell*, 8 F.4th 1206, 1208 (11th Cir. 2021); *Alvarez v. Att'y Gen for Fla.*, 679 F.3d 1257, 1264 (11th Cir. 2012). Neither *res judicata* nor the requirement that all defendants consent to removal is jurisdictional. *See Narey v. Dean*, 32 F.3d 1521, 1524-25 (11th Cir. 1994); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997).

An appellant abandons any argument not briefed before us, made in passing, or raised briefly without supporting arguments or authority. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). We can consider *sua sponte* an abandoned issue if a forfeiture exception applies and extraordinary circumstances warrant review. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *petition for cert. filed* (U.S. May 17, 2022) (No. 21-1468).

Here, Henry was not entitled to relief pursuant to her Rule 60(b)(4) motion because she did not identify any jurisdictional defect depriving the district court of arguable jurisdiction. *See Espinosa*, 559 U.S. at 271. The requirement that all defendants consent to removal is not jurisdictional. *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d at 1410 n.2. Res judicata is not jurisdictional either. *Narey*, 32 F.3d at 1524–25. Moreover, to the extent Henry argues that the district court erred by concluding the *Rooker-Feldman* doctrine applied, that is an argument over which the court had jurisdiction because a court always has jurisdiction to determine its

own jurisdiction. *See In re Nica Holdings, Inc.*, 810 F.3d at 789. Moreover, Henry points to no error in the district court's application of the doctrine, nor to any other possible jurisdictional problem that might have deprived the district court of arguable jurisdiction. Thus, we affirm the district court's denial of Henry's Rule 60(b)(4) motion.

## III.

We review a district court's denial of a Rule 60(d)(3) motion for relief from a judgment due to the opposing party's fraud on the court for abuse of discretion. *See Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (Rule 60(b)(3) motion). Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. Fed. R. Civ. P 60(d)(3). A movant must prove fraud on the court with clear and convincing evidence. *See Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987) (appealing denial of Rule 60(b) motion after denial of § 2254 petition). Fraud on the court is limited to exceptional conduct like bribery or evidence falsification involving an attorney. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (prior version of Rule 60). We have held that, in independent actions challenging a judgment for fraud on the court, the alleged fraud must not have been raised in the original litigation, and it must not have been possible for the complaining party to raise the issue through reasonable diligence. *See Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985).

Here, the district court addressed fraud on the court, and it correctly found that Henry failed to show sufficiently egregious conduct. The conduct Henry points to on appeal, even if true, does not fall within the category of egregious conduct that can constitute fraud on the court, but instead amounts to, at most, arguably erroneous legal arguments, or conduct that occurred before she filed her complaint, neither of which come close to the necessary showing of fraud on the court. *See Rozier*, 573 F.2d at 1338. Furthermore, she does not challenge any conduct that was not raised before her Rule 60 motion or that she could not have raised through reasonable diligence. *See Travelers Indem. Co.*, 761 F.2d at 1552; *Bircoll*, 480 F.3d at 1088 n.21. Thus, we affirm the denial of her Rule 60(d)(3) motion.

## IV.

We review a district court's denial of a motion for extension of time for abuse of discretion. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010-11 (11th Cir. 2017) (extension of time to file motion for substitution). A request for an extension should be granted if good cause is shown. Fed. R. Civ. P. 6(b).

Here, Henry arguably has shown good cause for an extension in her motion for an extension to file objections to the magistrate judge's report and recommendation concerning her Rule 60 motion because she asserted that she did not receive the report and recommendation until after the time for her to file objections had passed and she had been occupied caring for a family member. We

assume *arguendo* that she showed good cause for an extension. However, the consequence for failing to object to the magistrate's report and recommendation is waiver of the right to challenge those issues on appeal. 11th Cir. R. 3-1. Because we have reviewed Henry's arguments as if she had not waived them for failing to object, we affirm the denial of her motion for the reasons discussed above. *See* R. 3-1; Fed. R. Civ. P. 6(b).

**AFFIRMED.**